LILTON DAVIS v. THE STATE.

No. 11713. Delivered May 30, 1928.

The opinion states the case.

*A. L. Kirkpatrick* and *E. M. Davis* of Brownwood, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor, punishment one year and six months in the penitentiary.

There are six bills of exception, five of which complain, in some form, of the action of the court in permitting in evidence the testimony of the officers as to what they found in the car occupied by appellant at the time of his arrest and the finding in said car of a jug of whiskey. In view of the fact that appellant took the stand in his own behalf and admitted that said officers found said jug of whiskey in said car, these complaints are of no avail to him. We seem to have settled the question against him, and hold that evidence obtained as a result of a search without a warrant, or with an insufficient warrant, even if erroneously admitted, will not operate to reverse the case where the accused takes the stand and admits the truth of the things thus objected to. Sifuentes v. State, 5 S. W. (2d) 144, and authorities cited.

The sixth bill of exceptions complains of some argument made by the District Attorney, but in view of the fact that in the instant case there seems no dispute of the fact of transportation, we are

unable to see how any injury could be asserted. Appellant's contention was that he found the jug of whiskey and took it from its hiding place and carried it and put it in his car with a view of further transporting it to his home where he expected to use it, as he said, "to drink between meals." This unquestionably would be transportation. The fact that he had carried it only a short distance before being found in possession of same, would not affect his guilt if the jury believed such carrying was a part of an intended further removal. The testimony of the officers was to the effect that appellant was driving up through the woods when they saw him and arrested him. Such being the case, we do not think the argument complained of could be of any possible injury.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*