CLAUDE ROSS AND M. L. BROOKS v. THE STATE.

No. 11792. Delivered October 3, 1928.
Rehearing granted State November 7, 1928.
Rehearing denied Appellant December 19, 1928.

194

The opinion states the case.

*Dennis Zimmermann* of Tulia, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—M. L. Brooks and Claude Ross were jointly indicted for possessing mash, material, equipment and supplies for manufacturing intoxicating liquor. They were tried jointly and both were convicted and the punishment of each fixed at one year in the penitentiary.

(1) Officers secured a warrant to search the "Old Tom Ross Ranch House" based upon an affidavit which stated in positive terms that "Claude Ross and other unknown persons" possessed a still and material for the purpose of making intoxicating liquor. The affidavit then continued with the following averment: "same—(the still and material)—*believed* to be located in the 'Old Tom Ross Ranch House' on Section 7, Block A9 in Gaines County, Texas." Over objection the officers testified to finding in the house equipment and material under circumstances which justified a finding that the two appellants were guilty as principals as charged in the indictment.

(2) The objection to the receipt in evidence of the discoveries as a result of the search based upon the ground that the place to be searched was insufficiently described is not meritorious.

(3) The further objection that the affidavit was based upon "belief" without setting out the grounds therefor should have been sustained as to appellant Ross. The premises belonged to one Sherley who did not live on the property. Ross was employed to do some repair work on the ranch, occupied the house and it was his residence for the time being. It will be noted that a part of the affidavit states as a fact that Ross and other unknown persons possessed a still and material. Thus far the affidavit is sufficient as held in Ware v. State, 7 (2d) S. W. 551, and Bird v. State, 7 (2d) S. W. 953; but where affiants undertake to give the location of such possession they state it is *"believed,"* to be in the "Old Tom Ross Ranch House." The latter averment brings the case under Chapin v. State, 107 Tex. Cr. R. 477, 296 S. W. 1095, and authorities following it many of which are collated in Sutton v. State, 300 S. W. 639. Subsequent cases upon the same point are Garcia v. State, 2 (2d) S. W. 253; Cochran v. State, 2 (2d) S. W. 451; Boose v. State, 2 (2d) S. W. 856; Steverson v. State, 2 (2d) S. W. 453; McLennan v. State, 3 (2d) S. W. 447; Blanks v. State, 3 (2d) S. W. 449.

(4) The objection that the house was searched without a warrant predicated upon proper affidavit seems not available to appellant Brooks. He did not live there but from his own statement was only there as a guest in preparation for a hunting trip. The house was not his residence and although the search was unauthorized under the affidavit no rights personal to him were invaded, hence he has no complaint. Craft v. State, 107 Tex. Cr. R. 130; 295 S. W. 617; Laake v. State, 299 S. W. 643; Dennis v. State, 2 (2d) S. W. 223; Burnett v. State, 7 (2d) S. W. 548; McFarland v. State, 7 (2d) S. W. 955.

(5) It may be that appellant Ross is the more guilty of the two, but our duty demands application of the law as contained in Arts. 4a and 727a of the Code of Crim. Procedure.

It follows that the judgment must be affirmed as to appellant Brooks, and reversed and remanded as to appellant Ross, and it so ordered.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Motions for rehearing appear in the record made, one by the state seeking the setting aside of the judgment of reversal in the case of appellant Ross, and one by the appellant Brooks seeking the setting aside of the judgment of affirmance against him.

Inspection of the record leads us to conclude that we erred in reversing the case of appellant Ross. Reversal was ordered because of error in the admission of testimony of the officers concerning what they found upon said appellant's premises and in his possession on the occasion of a search made by them, our conclusion being predicated on the fact that the affidavit for search warrant was based on the belief of the affiants. We overlooked the fact that in his own testimony appellant Ross swore that the same things were found by the officers on said premises, which they in their testimony claimed to have found. In such case we have held in a number of recent opinions that the error in the affidavit is rendered harmless and that the fact that the court admitted testimony of the officers as to what they found upon a search under the warrant issued upon such affidavit in such case presents no reversible error. McLaughlin v. State, 4 S. W. (2d) 54; Davis v. State, 7 S. W. (2d) 96; Sifuentes v. State, 5 S. W. (2d) 144. We observe that appellant Ross took the stand and testified that the mash, the four hundred pounds of sugar and the paraphernalia for making the still were at his place the night he was arrested. The judgment of reversal as to appellant Ross is set aside, the state's motion for rehearing is granted, and the judgment is now affirmed as to said Ross.

We have carefully considered the motion of the appellant Brooks. He was at the place in conjunction with Ross on the night of the alleged raid, and his connection with the sugar, etc., being shown by other testimony, we are unable to conclude the jury without sufficient testimony as to his guilt. As to appellant Brooks, his motion for rehearing will be overruled.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant, Claude Ross, moves for a rehearing upon the ground that we were mistaken in our opinion granting the State's motion for rehearing, and directing an affirmance herein, for the reason, as claimed by appellant Ross, that he did not testify "to the same facts" as given in testimony by the officers who searched the premises for intoxicating liquor on the occasion in question. We have never intended to say that it is necessary in order to make admissible proof of testimony of a search without warrant, which otherwise would be rejected,—that the appellant testify to exactly the same facts in detail. Such a rule would be utterly impossible of application, because no two witnesses will testify in ex-

actly the same words or to precisely the same facts. In this case the officers testified, over objection, to finding in the possession of appellant and his codefendant certain articles ordinarily connected with the manufacture of intoxicating liquor, such as yeast cakes, soldering irons, pipes, copper rolled up in a coil, a torch, a stove, etc. When appellant took the stand he testified as follows: "That mash and four hundred pounds of sugar, and *this paraphernalia for making a still* was not there that morning, . . . *It was there the night I was arrested.*" This statement of appellant was made after the officers had testified and so plainly appears to comprehend all of the detailed articles mentioned by the officers, as not to admit of discussion. While appellant did not use the same language as the officers, nor go into the same details, he had heard them testify and probably had seen the things which they had, and he embraced all of same by saying that "This paraphernalia for making a still" was there at the time he was arrested.

Being unable to agree with appellant, the motion for rehearing will be overruled.

*Overruled.*