HOMER TATE v. THE STATE.

No. 13224. Delivered May 31, 1930.
Reported in 31 S. W. (2d) 453.

The opinion states the case.

*Oxford & McMillan* and *Chandler & Keith* all of Stephenville, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

Officers operating under a search warrant went to the private residence of appellant and in it they found two half gallon jars, one a little less and the other a little more than half full. When the first one was found appellant called one of the officers aside and said: "That's all there is here. I had it here for medical purposes and family use. Can't you just as easy not find this as you could find it?" After this the second jar of whiskey was found by the officers.

The admissibility of the testimony of the searching officers touching the result of the search is made the subject of several bills of exception. It is claimed that the affidavit for search warrant is defective in several particulars, only two of which we deem necessary to mention. The affidavit is signed by two affiants and describes the premises as a building "located in Erath County, Texas and particularly described as follows: a five room plank house facing south with front porch and small porch on northeast of said house located about ½ mile southeast of town of Huckabay, Texas, and about 200 yards east of the Huckabay Baptist Church and being only residence on north side of road running from Huckabay School building east to public highway and known as the old N. L. Allison house." This affidavit continues: "That the particular grounds for the aforesaid belief of affiant are as follows: That said Homer

Tate on March 5th 1929, told affiants that he had intoxicating liquor in his house for sale and that he had sold all of the good liquor that he had, and that he had some liquor then but it had too much lye in it and that he would not sell it to them."

It is claimed that the description of the premises is insufficient and that it does not sufficiently show, as required by Art. 691, P. C., that the private residence of appellant was a place "where intoxicating liquor is sold or manufactured." We regard the description of the premises as amply sufficient. Ross et al. v. State, 11 S. W. (2nd) 516; Hernandez v. State, 109 Tex. Crim. Rep. 246; Watson v. State, 9 S. W. (2nd) 265; Wilson v. State, 106 Tex. Crim. Rep. 75.

We think also the affidavit sufficiently complies with the terms of Art. 691, P. C., since the grounds for the belief of affiants plainly show that the residence is a place where intoxicating liquors were sold. Affidavits in somewhat similar language have several times been held sufficient as against the objection urged here. Antner v. State, 25 S. W. (2nd) 860; Rozner v. State, 3 S. W. (2nd) 441; Smith v. State, 23 S. W. (2nd) 387.

It is also suggested that the search warrant fails to contain the allegations demanded by Art. 691, Vernon's P. C., already referred to. The statute does not seem to require the insertion of such matters in the search warrant, it apparently being sufficient under the law to place these in the affidavit alone.

The substance and effect of another of appellant's contentions is that the Court erred in not submitting as an affirmative defense appellant's right to the possession of the whiskey for the use of his family. It will be noted above that appellant stated when the first bottle of whiskey was found that this was all he had and that he had it for medicinal purposes and family use. He made no explanation as to the second jar of whiskey found. Appellant did not either by exception or special charge single out the particular jar of whiskey to which this statement seemed to apply and since no defense was offered at all with reference to the last jar of whiskey and no explanation of appellant's possession of same appearing, we think the Court correctly refused to submit the defensive issue as applying to all the whiskey.

The Court did require the jury to find beyond a reasonable doubt that the whiskey was possessed for the purpose of sale and to authorize an acquittal if the jury had a reasonable doubt as to this. He further authorized an acquittal if the jury had a reasonable doubt

that same was possessed for medicinal purposes. Considering the nature of the testimony claimed to raise this issue and the charge as a whole submitting appellant's defense, we do not believe appellant was harmed by the omission above mentioned, even if it be conceded that failure to give such charge was error. By the terms of Art. 666, C. C. P. (1925), reversals are inhibited for errors of the charge unless same was calculated to injure the rights of appellant or unless it appears from the record that appellant has not had a fair and impartial trial. Many authorities will be found collated in Vernon's Texas C. C. P. (1925), Notes 5 and 6 under this article, which illustrate the construction the Court has given same. We may add in passing that the facts in this case are uncontroverted, that appellant apparently received a fair and impartial trial and in our opinion the charge as a whole so protected the rights of appellant as that no different verdict would probably have been rendered if the particular matter mentioned above had been charged defensively in an affirmative manner. It was clearly presented in a negative manner, since the finding by the jury of the truth of the accusatory facts stated in the indictment beyond a reasonable doubt necessarily was an implied finding against such defense. We are therefore of the opinion that such error, if any, was harmless, under the particular facts of this record.

It is further contended that the Court erred in refusing to charge the jury that the State was bound by the exculpatory statements of appellant already referred to and that the jury should have been instructed to find the defendant not guilty unless they believed from the evidence beyond a reasonable doubt that such statement was shown by the evidence to be untrue. What has already been stated makes it plain that the State was not relying wholly or even in most part upon such statement for a conviction. Under this state of facts such a charge was not required. Slade v. State, 29 Tex. Crim. App. 381; Wilkirson v. State, 23 S. W. (2nd) 731; Casey v. State, 54 Tex. Crim. Rep. 587.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.