STEVE CHANDLER V. THE STATE.

No. 15357.   Delivered November 2, 1932.
Rehearing Denied November 23, 1932.
Reported in 54 S. W. (2d) 100.

The opinion states the case.

*Crawford & Fletcher,* of Grand Saline, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

Armed with a search warrant, officers went to appellant's residence in the early morning for the purpose of searching for intoxicating liquor. As one of the officers went into the house, appellant's wife jumped out of bed and ran to the kitchen, followed by the officer. She grabbed a half-gallon jar and began

pouring whisky out of it. The officer finally got possession of the jar before the contents had been entirely emptied. He did not know how much whisky was in the container at the time appellant's wife started pouring it out. In the meantime appellant was found by the other officer in possession of a pint of whisky. The state proved by this officer that appellant stated to him at the time he took possession of the pint of whisky that he had it for his own use as a beverage. Going to appellant's smokehouse, which was about thirty or forty feet behind the residence, the officers discovered under one of the corners of the smokehouse part of the top of a tomato crate or bushel basket carefully laid up against the house. Under this there was a "crocker" sack rolled up and in the sack was a half-gallon jar of whisky. The officers said that the whisky was stuck up under the eaves of the smokehouse. The officers testified that there was not a dwelling house within two hundred yards of appellant's residence. Back of appellant's house was a ravine and beyond this ravine, about four or five acres of land. No person was present at the time the search was made other than the officers, appellant, his wife and children. The state introduced in evidence appellant's voluntary statement, wherein it was declared that appellant purchased a quart of whisky from two bootleggers whom he did not know on the evening before the search. Further, it was stated in this instrument that appellant took the whisky into the house, filled a pint bottle out of it and placed the rest of the whisky in the kitchen; that on the occasion the raid was made the pint of whisky found in his possession was that which he had poured out of the quart jar; that the whisky his wife was pouring out was the remainder of the whisky he had bought from the bootleggers. Again, it was declared in the statement that one of the officers told him he had found a half-gallon jar of whisky under the back of his smokehouse, which was ten or twelve steps from the house. Appellant introduced in evidence the following statement which had been omitted by the state: "Mr. Robinson told me that he found a half-gallon jar of whisky under the back of my smokehouse, about ten or twelve steps from my house; but I did not put this whisky there."

Appellant's wife testified that she had been out to the smokehouse the evening before the search at the very place the officers declared they had gotten the whisky, and that there was no whisky there at that time. She said she did not see the whisky until one of the officers came out from behind the smokehouse with it under his arm. Further, she testified that

she saw the officers take the pint of whisky from appellant. She said there had been some whisky in the house the evening before in a jar, which she had seen her husband take a drink out of, and that on the occasion of the raid she had poured this whisky out. She testified, further, without any objection on appellant's part, that whisky had been found on appellant's premises two or three times prior to the raid in question. Testifying in his own behalf, appellant admitted that he had a quart of whisky in the house, saying that he had bought it from a bootlegger whom he did not know. He said that he poured a pint out of the jar, and that that was the pint the officers took off of him. He said he drank whisky. Appellant did not state whether or not he possessed the whisky for the purpose of sale. He denied that he knew anything about the half-gallon of whisky found under his smokehouse, saying that he had never laid eyes on it until he saw it in the possession of the officers. Appellant admitted that on previous occasions officers had found whisky in his house. Appellant introduced a witness who testified that he had sometime before the raid, at night, seen some person between the smokehouse and appellant's rsidence, whom he did not believe to be appellant.

On the question as to whether sentence should be suspended, the state introduced witnesses who testified that appellant's general reputation for being peaceable and law-abiding was bad. Appellant made no effort to controvert the testimony of these witnesses.

Appellant objected to the testimony of the officers touching the result of the search on the ground that the search warrant was invalid. We deem it unnecessary to determine whether the warrant was sufficient. Appellant and his wife testified to substantially the same criminative facts embraced in the testimony of the officers relative to the finding of the whisky. Hence, if the testimony of the officers was erroneously received, and this is not conceded, appellant is in no position to complain. Jones v. State, 115 Texas Crim. Rep., 543, 27 S. W. (2d) 180, and authorities cited.

Bill of exception No. 4 presents the following occurrence: One of the officers testified that he followed appellant's wife into the kitchen, where she poured some whisky out of a half-gallon jar. Appellant objected to this testimony on the ground that it was not shown that he was present. It is unnecessary to decide whether the testimony of the officer would have been admissible if it had been shown that appellant was not in the kitchen at the time the liquor was poured out. Appellant gave

substantially the same testimony relative to the transaction, stating that his wife poured the whisky out.

Appellant brings forward a bill of exception in which he complains of the argument of the district attorney. It appears that the district attorney stated that the whisky in question was intoxicating and would burn, and challenged appellant's counsel to make a test. The bill contains an objection to the effect that the argument was improper and inflammatory. The court qualified the bill to the effect that the statement was made in response to appellant's argument that the whisky offered in evidence would not burn. Appellant took no exception to the qualification. The bill fails to present error.

Appellant excepted to the charge of the court on the ground that it failed to instruct the jury on the law relating to exculpatory statements. In connection with the exception, appellant presented a requested instruction which would have advised the jury that, if they found that the state introduced no evidence to controvert the exculpatory statement that appellant did not put the whisky under the smokehouse, and there was no evidence controverting such statement, such statement should be taken to be true. There was no necessity for instructing the jury as requested by appellant. Without determining whether such a charge is called for in a case where the accused introduces an exculpatory statement embraced in a confession used by the state, it is observed that in the present case the state was not relying wholly, or even in most part, on such statement for a conviction. Under this state of facts, the charge was not required. Tate v. State, 116 Texas Crim. Rep., 340, 31 S. W. (2d) 453, and authorities cited; Casey v. State, 54 Texas Crim. Rep., 584, 113 S. W., 534.

In his motion for a new trial, appellant set up newly discovered evidence. In his order overruling the motion, the court recites that evidence was heard. The evidence is not brought forward. We must therefore indulge the presumption that the court's action in overruling the motion, in so far as it was based on newly discovered evidence, was correct, and that the trial court acted upon evidence which was sufficient to justify his action. Russell v. State, 119 Texas Crim. Rep., 469, 45 S. W. (2d) 622, and authorities cited.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The motion for rehearing rests on two grounds: First, that we erred in holding the reception of testimony from the officers not so erroneous as to cause reversal because appellant and his wife gave substantially the same testimony; second, in holding that the state did not rely in whole or for the most part for conviction on statements of the accused.

Appellant testified: "The first time I saw that half-gallon of whisky was when Mr. Vick and Mr. Robinson came around the corner of my house with it." Appellant's wife swore: "I know where the officers claim to have found some whisky out there; they showed Steve, and I watched them, where they said they found it. * * * As to this half-gallon jar, I did not see that until I saw Mr. Vick come out with it under his arm." Mr. Vick swore that he found a half-gallon of whisky under the edge of the smokehouse, some twenty or thirty feet from the dwelling house. These quotations seem amply sufficient to obviate need for discussion, and to make plain that both appellant and his wife affirm the finding by the officers of this half-gallon of whisky, testimony to the finding of which was objected to. Appellant and his wife substantiate what the officers testified in this regard. If we understand the record, the state fully made out its case independent of the statements of the accused, referred to in the second ground of this motion.

The motion for rehearing will be overruled.

*Overruled.*