## OSCAR BROWN V. THE STATE.

No. 18312. Delivered May 13, 1936.

The opinion states the case.

*Leo C. Buckley,* of Taft, and *K. D. Hall* and *J. T. Vance, Jr.,* both of Refugio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Byron Belschner by shooting him with a pistol.

The trial was held in Refugio County on a change of venue from Jackson County.

When the case was called for trial in Refugio County appellant presented his application for a change of venue. The State having filed a controverting affidavit, witnesses pro and con were heard. Their testimony presented conflicting theories. It is the rule that if conflicting theories as to prejudice arise from the evidence, the trial court has the discretion of adopting either theory, it being his duty to weigh the evidence. Whiteside v. State, 29 S. W. (2d) 399. A judgment denying an application will not be disturbed on appeal unless it be made to appear that the trial judge abused his discretion. Whiteside v. State, supra. We are of opinion the record fails to reflect an abuse of discretion.

Appellant is an negro. When the case was called he moved to stand aside the special venire because of alleged discrimination against the negro race on the part of the jury commission in selecting the jurors who composed said venire. The trial court heard evidence, and, examining same, we observe no testimony of such discrimination. Only one of the jury commissioners testified. His statement was to the effect that the commissioners tried to select only the men best qualified to serve on juries. The testimony fails to show the number of negroes living in Refugio County, and fails to disclose that there were any negroes in said county who possessed the statutory qualifications for jury service. In order to sustain the allegation of discrimination, the proof must show that negroes were excluded or discriminated against solely because of race or color. Johnson v. State, 50 S. W. (2d) 831, and authorities cited.

The term of court at which appellant was convicted adjourned November 2, 1935. No extension of time for filing bills

of exception appears to have been granted. Hence appellant was entitled to thirty days after the expiration of the term within which to file his bills. Art. 760, C. C. P.; Walkup v. State, 25 S. W. (2d) 864. The bills were filed December 19, 1935, which was more than thirty days after the expiration of the trial term. Hence they are not entitled to consideration. However, in view of the fact that the death penalty was inflicted, we have carefully examined said bills. We are of the opinion that they fail to reflect reversible error.

The proof on the part of the State warranted the finding of the jury that on the 12th day of July, 1935, appellant and his brother, Coupie Brown, murdered deceased and took his automobile and other personal property. In his voluntary statement appellant admitted his presence at the scene of the homicide but stated that his brother, Coupie Brown, killed deceased.

Appellant excepted to the charge of the court for its failure to instruct the jury on the converse of the law of principals, and presented a requested instruction on the subject, which the court gave. We think said instruction adequately presented appellant's affirmative defense.

A careful examination of the record leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.