## D. C. TURNER V. STATE

No. 25242. April 18, 1951.
Rehearing Denied June 6, 1951.
Appellant's Second Motion for Rehearing Denied (Without
Written Opinion) June 30, 1951.

Hon. James G. Denton, Judge Presiding.

*Fred C. Chandler,* Colorado City, *Croslin & Pharr,* by *E. G. Pharr,* Lubbock, and *Bell, Dyche and Bell,* by *Spurgeon E. Bell,* Houston, for appellant.

*Dudley Brummett,* County Attorney, Lubbock, and *George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was convicted as a second offender of the illegal transportaiton of intoxicating liquor in a dry area, and was by the jury assessed a penalty of $2,000.00 fine and 18 months in jail.

We take a resume of the facts from the state's brief as follows:

"At about 5 o'clock in the morning on the date of appellant's arrest he was observed by police officers driving his automobile on a public highway at a high rate of speed. The officers

followed him into a tourist court, where appellant pulled into a garage. There the officers observed the appellant get out from under the steering wheel of the car and there the appellant, with his companion who was riding in the car, got out of the car and stood behind it a short time. The appellant went to the tourist camp office, got a key to the cabin; whereupon one of the officers drove the police car away but one officer had gotten out and stayed behind. The officers observed the appellant unloading something from the automobile. He was then observed to unload liquor from the trunk of this automobile. The officers arrested the appellant and his companion in the car, and a third party who had shown up on the scene in his night clothes. The officers took charge of the liquor. This liquor was described by Captain McInroe as 22 lugs of wine and whiskey. He said that by "lug" he meant different quantities of bottles, owing to the size of the bottle, wrapped in heavy brown paper, and tied up with string. This liquor was all finally tabulated by Inspector Jordon of the Texas Liquor Control Board. He described the liquor as being 24 pints of whiskey, 6 four-fifth quarts of whisky, and 56 four-fifth quarts of wine. Some of the whisky was Seagram's Seven Crown, and some of it, Old Crow brand. The wine was Pinky's Pride, and all this liquor was offered in evidence.

"The appellant testified in his own behalf. It seems he did not deny the possession of the liquor, but sought to justify himself by saying that he had the liquor in question for the purpose of giving it to some Mexicans who were working for him, and testified that he did not possess it for the purpose of sale."

There are three bills of exception in the record, all being based upon the same proposition; that is, that the county attorney, while arguing the matter before the jury, made the following statement:

"Ordinarily, I leave the amount of punishment to the jury and I am not going to suggest what punishment you give this defendant; however, there are some things I want you to bear in mind. When we get the little boys in here and fine them, what are they going to think if we let the big boys go? You are not trying one of the little fellows. What are they going to tell the other boys when they hear about your verdict?"

In one of the bills it is shown that upon the voir dire examination of the jurors, one of them was excused by the court be-

cause of his answer to the county attorney when asked if he thought he could be fair to the defendant and the state alike; that said juror replied in substance that he would not be fair to the state because they let the "big boys" get by, and said juror was thereafter excused for cause. Thereafter, in his closing argument before the jury the above-quoted statement was made. Upon objection, the trial court said:

"Gentlemen of the jury, you will not consider what they might tell others, or the statement that you are not trying one of the little boys."

However, each bill of exception is qualified by the trial court as follows:

"The statement of the County Attorney referred to in this Bill of Exception was made as he pointed to the quantity of alcoholic beverages introduced in evidence; which appeared to the trial court that he was referring to the evidence admitted before the jury."

Under the circumstances, we are of the opinion that a person in possession of this large amount of liquor was at least referable to as one of the "big boys." In any event, the instruction of the court to the jury to disregard this statement, taken in connection with the qualification of the bill, would certainly relieve the bill of any purported error.

It would appear that the remarks of the county attorney were supported by and based on the evidence in the case, it being shown that this large amount of liquor was introduced and present before the jury. If a portion of said statement was based upon the evidence in the case, and there being an objection leveled at the whole statement, we think that the bills show no error.

Appellant took the witness stand and testified in substance that he was acquainted with bootleggers and had dealings with them; that he went to this bootlegger's cabin for the purpose of purchasing this large amount of alcoholic liquor in order to take same to a 320-acre farm that he was working and giving same to Mexicans in order to get them to work for him; that he did not have the liquor in his car at the time he drove up but he had gone into this bootlegger's cabin in order to get the liquor to put it in his car to take to the farm, and had taken a quantity therefrom to the car when apprehended by the offi-

cers. We think his own testimony makes him guilty of the illegal transportation of the liquor regardless of the state's testimony. He was not charged with the possesison thereof but was charged with the transportation of the same. According to his own statement, he was transporting this liquor from the cabin to his automobile for the purpose of taking it away.

In the case of Davis v. State, 110 Tex.Cr.R. 44, 7 S.W. (2d) 96, this court said:

"Appellant's contention was that he found the jug of whiskey and took it from its hiding place and carried it and put it in his car with a view of further transporting it to his home where he expected to use it, as he said, 'to drink between meals.' This unquestionably would be transportation. The fact that he had carried it only a short distance before being found in possession of same, would not affect his guilt if the jury believed such carrying was a part of an intended further removal."

See Texas Digest, Vol. 23, "Intoxicating Liquors," Key 138, and many cases cited; also McGee v. State, 103 Tex.Cr.R. 654, 281 S.W. 1052, where it was held that "When appellant started to the automobile with the whiskey the transportation had begun," and many cases cited.

Reviewing the whole case, we are of the opinion that the portion of the remark of the county attorney was justified by the evidence, especially in the presence of 24 pints of whisky, 6 four-fifth quarts of whisky, and 56 four-fifth quarts of wine.

Finding no error in the record, the judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

BEAUCHAMP, Judge.

In his motion for rehearing appellant challenges the right of this court to consider the qualifications to his bills of exception, as copied in the original opinion. This he bases on the ground that the qualifications are not dated.

The bills were dated the 15th day of January, 1951. The clerk's file mark, appearing in the transcript below the qualifications, says that the bills were filed at 4:25 and 4:26 P.M. on January 15, 1951. From this we find no support for the inference that the judge made these qualifications after the bills were filed and at a time when he had no authority to do so.

Appellant would have the burden of showing that this was done and we find nothing in the record to so indicate.

We are of the opinion, further, as stated originally, that the bills do not show error even in the absence of these qualifications. We cannot close our eyes to the undisputed facts found in the record that it was a large quantity of whisky and wine, that appellant had plead guilty about a year prior thereto to a charge for selling liquor contrary to law, and that his transporting the whiskey and wine for which he was presently charged was, according to his own testimony, a violation of the law. He was a large farmer and wanted to employ a number of Mexicans to work in his crop. The securing of these Mexicans would be of value to him and he was using this large quantity of whisky and wine for the purpose of obtaining that consideration. It is true that the court approved a bill, in each case, which said that the "county attorney placed before the jury a matter not in evidence and upon which no evidence had been offered * * *." No witness attested to this fact directly. We think, however, it is a logical conclusion as a matter of argument to the jury. The cautious trial judge instructed the jury not to consider the argument and, whether they did or did not consider it, the evidence in the case speaks much more forcefully than the conclusion which the county attorney drew from it. There is plenty of grounds to support the jury's verdict in that he was a second offender and was handling this liquor on quite a large scale. If the statement of the county attorney is inflammatory, the evidence before the jury is much more so.

We have reconsidered all of the facts of the case and now find that the original opinion correctly disposed of the matters before us. Appellant's motion for rehearing is overruled.