FRANCISCO GONZALES V. STATE

No. 27,031. June 26, 1954
Rehearing Denied November 3, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) December 1, 1954

*William E. Davenport,* San Angelo, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for possession of marijuana, the jury having assessed the minimum punishment.

The only contention seriously urged as reversible error is that the evidence as to the finding of marijuana in appellant's car was obtained by means of an unlawful search, and was therefore inadmissible.

Deputy Sheriff Wuertenburg testified that he apprehended appellant in the south part of San Angelo at about one o'clock A.M.; that appellant was driving an automobile and the officer informed him that he was arresting him for being in a cutting scrape.

Appellant, at the instance of and accompanied by the officer, drove to the police station and, after appellant was taken inside, the car was searched and a paper bag which contained a quantity of marijuana was found under the front seat.

Deputy Wuertenburg testified that in truth and in fact he arrested appellant in order to search his automobile for narcotics, that he knew appellant had not cut anyone and he had previously arrested the party who had. He further testified that he was informed about midnight and believed that appellant was trying to peddle marijuana and that he had been furnished appellant's car license number.

Appellant contends that the state should be bound by the officer's statement to appellant as to the basis for the arrest, but cites no authority in support of such contention and we know of none.

The search of appellant's car, under the facts testified to by the officer, was authorized by The Uniform Narcotic Drug Act, Art. 725b, Sec. 15, V.A.P.C., Deputy Sheriff Wuertenburg testifying that he had been informed and believed that appellant had marijuana in the car.

Appellant testified in the jury's absence as to the voluntary character of the confession which had already been admitted in evidence. An issue of fact appears to have been raised, for the district attorney testified before the judge and denied the statement attributed to him by appellant.

It was then suggested to the court that appellant desired to take the witness stand before the jury for the single and limited purpose of testifying that the confession was not a voluntary one.

The trial judge declined to enter into agreement on the matter and stated that if appellant took the stand he would do so as any other witness and subject to the ruling of the court, if and when objection should be made. Thereupon appellant closed without testifying before the jury.

550

The trial judge properly declined to permit appellant to take the stand for such limited purpose.

The applicable rule is found in Branch's Ann. P.C., p. 83, Sec. 147, from which we quote:

"When defendant takes the stand as a witness he is subject to the same rules as any other witness. He may be contradicted, impeached, discredited, attacked, sustained, bolstered up, made to give evidence against himself, cross-examined as to new matter, and treated in every respect as any other witness testifying in behalf of defendant, except where some statute forbids certain matters to be used against him, such as proof of his conviction on a former trial of the present case, his failure to testify on a former trial or hearing, and the like."

The evidence sustains the conviction and we find no reversible error.

The judgment is affirmed.

ON MOTION FOR REHEARING

BELCHER, Judge.

Appellant reurges his contentions made on original submission and insists that we reconsider our holding herein.

We have carefully reviewed the entire record and remain convinced that we correctly disposed of this cause on original submission.

Appellant's. motion for rehearing is overruled.

Opinion approved by the court.