GEORGE EVERETT THOMAS, JR. V. STATE

No. 27,968. February 29, 1956.
State's Motion for Rehearing Denied
(Without Written Opinion) April 18, 1956.

Allen & Street, by Robert B. Allen and Hugh B. Street, Dallas, for appellant.

Henry Wade, Criminal District Attorney, Thomas B. Thorpe

and *Charles S. Potts,* Assistants Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of marijuana; the punishment five years.

Officer Boyd testified that "a stool pigeon" whom he had known for some time and whom he knew to have been to the Federal penitentiary for a violation of the Mann Act came to the city hall and told him, in company with Officers Cantrell and Hart, that the appellant had almost a pound of marijuana and "was also messing with our safes." The record does not disclose that their informant told the officers how he had learned these things about the appellant, nor did he tell them that he had ever seen the appellant in possession of any narcotics or stolen property. Some "three days to a week" later, with this information in hand but without securing a warrant for the appellant's arrest, these three officers repaired to the vicinity of the appellant's home and began to watch the same through field glasses. After some time the appellant came out in the yard, where he was later joined by his wife and 4-year old daughter; the three got in the appellant's automobile and drove away. They were not shown to be carrying any luggage, nor did they do any other act which indicated that they were fleeing. The officers followed the appellant's automobile for approximately two miles, during which time the appellant violated no traffic law nor did anything to outwardly indicate that he was violating any law. The officers caused the appellant's automobiles to come to a halt, arrested him and his wife, and in the search of his person which followed they found one marijuana cigarette in his coat pocket. This conviction stands or falls upon the legality of that arrest. If the officers were authorized to arrest the appellant, the search of his person was authorized as an incident to that arrest. If they were not authorized to make the arrest, without a warrant, then the search of his person was unlawful, and proof of the finding of the marijuana cigarette was not authorized.

Article 212, V.A.C.C.P., reads as follows:

"A peace officer or any other person, may, without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or as an 'offense against the public peace.' "

. Article 215, V.A.C.C.P., reads:

"Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is not time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused."

We have concluded that the facts stated do not bring the instant arrest within the purview of either of the above statutes.

The state contends that the arrest and search of the appellant were legal because of Sections 14 and 15 of Article 725b, V.A.P.C., Narcotic Drug Regulations.

Section 15 does not specifically state that the officers may arrest a suspect and search his person. The state would have us read such authority into the act. If we did, we would still be confronted with the problem: To adopt the phraseology of the state's brief, "* * * the statute does not fix the kind or character, or the extent of the information upon which the officer's belief is to be founded." We cannot bring ourselves to conclude that the legislature, in the light of the constitutional prohibition against unreasonable searches and seizures, intended by this act to legalize an arrest *merely* because an officer testifies at the trial that at the time he arrested the accused he had reason to believe and did believe that the accused was violating the law. The dangers arising from such a holding would be readily apparent. It must be remembered that our holdings apply to the innocent as well as the guilty. We endanger every citizen with the threat of unwarranted arrests and searches of his person if we held that such arrest and search are legal merely because the arresting officer later says that he believed the citizen to be guilty of some violation of the law. For the act to be constitutional, the belief mentioned therein must be such as would constitute probable cause authorizing the arrest and search. Unless it be given this construction, the statute would authorize an arrest and search upon mere suspicion and would destroy the constitutional guarantee against unreasonable searches and seizures. Cases cited Texas Digest, Vol. 42, p. 472.

Probable cause has been defined as "a reasonable ground of suspicion *supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged."* Landa v. Obert, 45 T. 539.

Far more consistent with the mandates of the Constitution, we believe, would be an interpretation of the statute which would require that the officer have some information that the accused was violating the law *plus* some act on the part of an accused which would bolster and support such belief. Any other interpretation would, we feel, render the statute unconstitutional and negatory.

It was because of the absence of that *act* that we reversed the convictions in Palacio v. State, 162 Tex. Cr. Rep. 194, 283 S.W. 2d 765, and Harper v. State, 162 Tex. Cr. Rep. 295, 284 S.W. 2d 362. It was because of the presence of such an act that we affirmed the conviction in French v. State, 162 Tex. Cr. Rep. 48, 284 S.W. 2d 359. In the French case, we did not discuss Section 15 of Article 725b, supra, but we did hold as follows:

"We do not hold that the information which the officer had received about the appellant's connection with narcotics alone would have authorized the search, but we do hold that his flight under the circumstances here presented, together with the information which the officer had about him, authorized the arrest of the appellant as a person of suspicious demeanor under the ordinance, and the subsequent search."

If Gonzales v. State, 160 Tex. Cr. Rep. 548, 272 S.W. 2d 524, is to be considered as holding contrary to the above conclusions, it is hereby expressly overruled.

The state further contends that, even if the arrest was illegal, the case should not be reversed because the appellant's wife testified concerning the search. They rely, among other cases, upon Ross v. State, 111 Tex. Cr. Rep. 193, 11 S.W. 2d 516. In the light of that opinion, we will summarize the testimony of the appellant's wife. She stated that the coat worn by her husband on the night of his arrest had been loaned to a Mr. Dutton and was returned just a day or two before the arrest. She stated that her husband had not worn the coat since its return until the night in question. She stated that the officers signaled to them to halt and that the appellant "stopped and got out of the car and walked around back." At no time did she state that she saw the marijuana cigarette or knew of its presence in her husband's pocket. This contention cannot be sustained.

For the error in the admission of the cigarette into evidence, the judgment is reversed and the cause remanded.

WOODLEY, Judge (dissenting).

The majority opinion asserts that this conviction stands or falls upon the legality of appellant's arrest when the officers caused his automobile to come to a stop, searched appellant and found in his coat pocket a marihuana cigarette.

My brethren further assert that if the officers were authorized to arrest appellant, then the search was lawful as an incident to the arrest, but if the officers were not authorized to make the arrest, the search was unlawful and the fruits thereof were inadmissible.

My view, on the other hand, is that the question for our determination is whether or not the search of appellant's automobile and of the pocket in which the marihuana cigarette was found was a lawful search, authorized by Sec. 15 of Art. 725b, V.A.P.C., the Uniform Narcotic Drug Act. If so, the detention or arrest was but an incident to the lawful search and was not unlawful.

Upon distribution after submission this case was assigned to Commissioner Belcher, who prepared and submitted an opinion affirming the conviction. Judge Belcher's opinion was not adopted by the majority, but in my opinion correctly disposed of the appeal, and especially of Bill of Exception No. 2 which my brethren have found to show reversible error.

Omitting his discussion of other matters not relevant to Bill No. 2, Judge Belcher's opinion reads as follows:

"The offense is possession of marihuana; the punishment, five years in the penitentiary.

"The testimony for the state by Detectives Hart and Boyd shows that after they located the home of the appellant, they parked their automobile a short distance away and watched; that appellant with his wife and child soon came out of the house, and they drove away in his automobile; that the officers followed them for about two miles, stopped them, searched the automobile and the appellant, who was driving, and found one cigarette in his left coat pocket.

"It was shown that the cigarette taken from the appellant's coat pocket contained marihuana.

"Appellant did not testify, but called his wife as a witness who testified that a short time prior to appellant's arrest N. A. Dutton and Opal Merrill came to their home and purchased an outboard motor; that the weather became cool before they left and that she loaned Dutton one of appellant's coats which Opal Merrill returned two or three days before the date of appellant's arrest in this case; and that she placed the coat in a closet where it remained until appellant took it out just before leaving the house on the evening of his arrest.

"The jury chose to accept the state's theory and we find the evidence sufficient to sustain their verdict.

\* \* \*

"By Bill of Exception No. 2, appellant insists that the search of his person and the finding of the cigarette in his coat pocket was unauthorized because the officers had no warrant for his arrest or search warrant for his person, and that he had not violated any state law or city ordinance immediately prior to being stopped by said officers while driving his car on a public street in the city of Dallas.

"Detectives Hart and Boyd testified on voir dire that they had information that the appellant had almost a pound of marihuana on him and in his car; and that he was dealing in marihuana and was using his car for peddling. Based on this information they further testified that they had reason to believe and did believe that the appellant at the time they stopped him while he was driving his car had marihuana in his car and on his person.

"The trial court certifies in this bill as follows:

" 'In connection with this matter attention is respectfully invited to the Statement of Facts in his case which shows that the arresting officers had been informed by a credible person that the defendant was in possession of marihuana; that they followed him and, based on their belief in such credible information, seized him and searched him and found the marihuana in his pocket.'

"Under the facts, the officers were authorized by the Uniform Narcotic Drug Act, Art. 725b, Sec. 15, Vernon's Ann. P.C., to search the car which appellant was driving and his

person. Gonzales v. State, 160 Tex. Cr. Rep. 548, 272 S.W. 2d 524.

"Finding no reversible error, the judgment of the trial court is affirmed."

The only serious question in the case, as I see it, is whether or not Art. 725b, Sec. 15, V.A.P.C., authorized a search of appellant's coat pocket as well as the automobile.

Under the holding of my brethren, neither the search of the automobile nor of the pockets of appellant's coat was lawful. It appears to me that under such holding, so long as the suspected person is in charge of his automobile, no lawful search would be authorized without regard to the belief of the officers and the soundness of their belief or ground thereof, unless at the time the search began the suspect was lawfully arrested. It is not apparent how an automobile which the officers were authorized to search under the provision of Sec. 15. Art. 725b, V.A.P.C., and which was being driven by the suspected possessor of narcotics, could be searched without the suspect being detained or arrested.

It is this necessary and incidental detention or restraint that my brethren deem to be an unlawful arrest which renders the testimony as to the finding of the marihuana inadmissible.

To my brethren the question is—was the arrest lawful? To me the legality of the arrest or detention as well as the admissibility of the evidence depends upon the right of the officers to search the car and the pockets of appellant.

Turning now to the question which the writer believes to be controlling: Does Sec. 15 of Art. 725b, V.A.P.C., authorizing the search of an automobile and certain receptacles which the officers have reason to believe and do believe contain narcotic drugs, authorize a search of the pockets of the person in charge of the automobile who the officers have reason to believe and do believe has therein a narcotic drug?

Quoting only the portions of Sec. 15 of Art. 725b which are pertinent to a proper interpretation of the statute as applicable to the case before us, it specifically grants to all peace officers charged with the duty of enforcing the Uniform Narcotics Act the "power and authority without warrant to enter and examine any * * * cars, conveyances, vehicles * * * when they have

reason to believe and do believe that any or either of same contain narcotic drugs * * * had in possession contrary to any of the provisions of this act."

Section 15 does not stop here, but further grants power and authority to such peace officers without warrant to "open and examine any box, parcel, barrel, package or receptacle in the possession of any person which they have reason to believe and do believe contains narcotic drugs."

Section 15 goes further and provides that the officers acting under circumstances and conditions where a search or inspection is authorized without a warrant therein, "shall be given free access to and shall not be hindered or interfered with in their examination of * * * cars, conveyances, vehicles * * * ."

It will be noticed that the statute specifies that the searching officers "may open and examine any * * * receptacle in the possession of any person which they have reason to believe and do believe contain narcotic drugs."

"Receptacle" is defined by Webster to be "that which serves to receive and contain something."

Art. 8 P.C. provides that except where a word is specially defined, it shall be taken and construed in the sense in which it is understood in common language, taking into consideration the context and subject matter relative to which it is employed.

It would follow that under the very terms of the statute, not only the car appellant was driving, but the coat pocket of the driver of the automobile where the marihuana cigarette was found was subject to search, provided the searching officers had reason to believe and did believe that it contained a narcotic drug.

My brethren set out certain evidence adduced at the trial which they appear to find insufficient to support the belief that appellant was in possession of marihuana in the automobile and in his pockets.

Attention is directed to the fact that to reach such conclusion my brethren not only ignore the trial court's certification in the bill of exception, but must overrule the prior holding of this court in Gonzales v. State, 160 Tex. Cr. Rep. 548, 272 S.W. 2d 524.

The record is not such that the members of this court are in as favorable position as was the trial judge to pass upon the question of whether or not the officers had reason to believe and did believe that appellant had marihuana in his car and in his pockets, or whether or not the information that he did have came from a credible person.

On the other hand, this record fully sustains the trial court's certification that the officers had been informed by a credible person that appellant was in possession of marihuana, and based their belief upon such information, searched him and found marihuana in his pocket.

This record does not show an unreasonable search but a search authorized by the statutes of this state.

My brethren speak of an arrest being legalized "merely because an officer testifies at the trial that at the time he arrested the accused he had reason to believe and did believe that the accused was violating the law."

It is only where the officer's testimony to the effect that he had reason to believe and did believe that the place or thing to be searched contained marihuana satisfied the trial court of such fact that this court has held the testimony of the officer to be sufficient to show that the search was authorized by the statutes. Gonzales v. State, supra.

Of course such testimony by the officer is not conclusive and may, as any other testimony, be contradicted and impeached by evidence showing that the information or ground for his belief does not in fact exist, or that in fact he did not so believe. The question was for the trial court and he found that the officers had been informed by a credible person that appellant was in possession of marihuana, and based their belief thereon.

The officers must, of course, have real belief and such belief must be based upon reasonable grounds, but there is no requirement that the suspect do any "act" to further such belief, and the search of a vehicle or receptacle may be made without regard to the conduct of the suspected person or in his absence.

It goes without saying that a search upon mere suspicion is not authorized under the statutes or under the right to search upon probable cause which exists independent of the statute.

The horrors and the tragedies incident to the narcotic traffic and the unlawful use and possession of narcotics are well known to all informed citizens.

In a trial presided over by a distinguished, fair and able judge, now deceased, and in which no error has been found by my brethren other than the question of the admissibility of the fruits of the search, the jury has found appellant guilty of possessing the marihuana cigarette found in his coat pocket and has assessed for that offense a five year term in the penitentiary.

Surely the consequences of the holding of the majority opinion upon the enforcement of the law designed to protect the people from the evils of the narcotic use and traffic should be weighed against the suggested possibility that good citizens may be subjected to search by officers claiming to believe and to have reason to believe that he is in possession of a narcotic drug, when in fact such officers have no reasonable grounds to so believe, or when they have been misinformed.