## OLIN TYLER V. STATE

No. 28,209. April 18, 1956.

Appellant's Motion for Rehearing Overruled
June 13, 1956.

State's Motion Asking Appeal Be Abated, On Account
of Death of Appellant, Granted October 3, 1956.

*E. Colley Sullivan,* Dallas, for appellant.

*Henry M. Wade,* District Attorney, *A. D. Bowie* and *George*

*P. Blackburn,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the unlawful possession of a narcotic drug, to wit, heroin; the punishment, eight years in the penitentiary.

The testimony of two police officers of the city of Dallas shows that as they entered a room in an apartment house they saw appellant place an article in his mouth which they caused him to expel. They then seized the article and placed it in an envelope which was sealed and marked for identification purposes.

It was further shown by a chemist that said article which was properly identified contained heroin.

Appellant did not testify, but re-called the police officers who had testified and inquired about a search warrant, who had possession of the apartment, and the arrest of other persons for narcotic violations in the same vicinity shortly before his arrest.

We find the evidence sufficient to support the verdict of the jury and shall discuss the matters raised by appellant in his brief and bills of exception.

The complaint in appellant's brief of the court's action in denying his motions for a continuance and a change of venue does not reflect reversible error. The record does not show that the motions were presented to and overruled by the court and that appellant excepted, as required under Art. 760e, Vernon's Ann. C.C.P., where no formal bill of exception is reserved. Perry v. State, 160 Tex. Cr. Rep. 80, 266 S.W. 2d 171.

Appellant in his brief contends that the trial court erred in permitting Officer Gannaway to testify that he admitted to him that he was a dope pusher on the ground that it was forcing him to indirectly give evidence against himself in violation of his rights under the Constitution.

Officer Gannaway testified that during a conversation with the appellant when he was not under arrest he admitted to him that he was a dope pusher. Under these facts no error is shown.

Appellant complains of the court's action in declining to permit him to testify for the limited purpose of showing who had possession of and resided in the apartment.

When the defendant takes the stand as a witness he is subject to the same rules as any other witness, hence the court's action does not reflect error. Branch's Ann. P.C., p. 83, Sec. 147; Gonzales v. State, 160 Tex. Cr. Rep. 548, 272 S.W. 2d 524.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

Appellant insists that his complaint to the action of the court in overruling his motion for change of venue was properly presented for review because the court's ruling and appellant's exception thereto is shown in the statement of facts of the evidence adduced upon the hearing of the motion.

Without passing upon his contention, we have concluded to consider and pass upon the court's action in overruling the motion.

The motion for change of venue was predicated upon the fact that, during the week preceding the trial, a United States Senate Investigating Committee had conducted a hearing in the city of Dallas in the investigation of crime and the traffic in narcotics, in which appellant was called before the committee and which proceedings were publicized in the newspapers and by radio and television.

On the hearing of the motion, appellant offered various newspaper accounts of the committee hearing, in which his name and picture appeared, and testimony showing that his appearance before the committee was telecast. Proof was further made that the proceedings of the committee hearing were also publicized by radio; that, when appellant appeared before the committee, he invoked the Fifth Amendment and refused to testify; and that witnesses who appeared before the committee testified that appellant was implicated in a robbery and was a suspect in a murder case.

The record further shows that, of nine witnesses called by appellant, seven testified that, in their opinion, he could receive a fair and impartial trial in Dallas County, and only two testified that, in their opinion, he could not receive a fair trial.

It was further shown that Dallas County has a population of approximately 800,000 and approximately 200,000 qualified jurors.

Under the conflicting testimony, we are of the opinion that the trial judge did not abuse his discretion in overruling the motion for change of venue. Where the evidence is conflicting, a judgment denying a change of venue will not be disturbed on appeal, unless it appears that the trial judge abused his discretion. Whiteside v. State, 115 Tex. Cr. R. 274, 29 S.W. 2d 399; Brown v. State, 130 Tex. Cr. R. 323, 94 S.W. 2d 455; Conn v. State, 143 Tex. Cr. R. 367, 158 S.W. 2d 503; and Priest v. State, 262 Tex. Cr. R. 260, 284 S.W. 2d 148. Furthermore the record does not reflect that any of the jurors who served in the case had read any newspaper articles or had heard any radio broadcasts or telecasts of the committee hearing. There is nothing in the record to show that any prejudgment of appellant's case or prejudice against him by reason of the publicity given the committee hearing found its way into the jury box; hence no error is shown. McCarley v. State, 161 Tex. Cr. R. 263, 276 S.W. 2d 300.

We have considered appellant's other contentions and remain of the opinion that no reversible error is shown.

Appellant's Motion For Rehearing is overruled.

Opinion approved by the Court.

#### ON STATE'S SECOND MOTION FOR REHEARING

Per Curiam.

The State has filed a motion, duly verified, asking that the appeal in this case be abated on account of the death of the appellant.

The motion is granted and the appeal is abated.