**George Burton MOSSE, Jr. (1954 Cadillac Automobile), Appellant,**

**v.**

**STATE of Texas, Appellee.**

No. 15660.

Court of Civil Appeals of Texas.

Dallas.

Jan. 22, 1960.

Rehearing Denied Feb. 26, 1960.

Bailey F. Rankin, Dallas, for appellant.

Henry Wade, Dist. Atty., and John J. Orvis, Asst. Dist. Atty., Dallas, for appellee.

YOUNG, Justice.

The appeal was from a judgment forfeiting the named automobile for alleged illegal possession and the transportation of narcotic drugs (Art. 725b, Penal Code) the forfeiture being pursuant to authority

of Art. 725d, Penal Code. All points of error are to effect that the narcotics in question were not admissible in evidence on grounds that same were illegally seized.

Sworn pleading of the parties conformed to Art. 725d (Sec. 1 through 6) and the case is before us on an agreed Statement of Facts from which we quote:

"That on the trial of the merits, the evidence was as follows:

IX.

"Officers B. L. Beaty and Bob K. Carroll testified that they had information that 'George Burton Mosse, Jr., habitually used marijuana, and that he carried it with him everywhere he went.' Both testified that neither they nor any other officer had any further information or facts within his knowledge.

"Acting on the above information, Officers Bob K. Carroll and another officer procured a search warrant which commanded them to *forwith* search the residence of Appellant George Mosse and unknown person, situated at 6243 Mercedes Street, City of Dallas, Dallas County, Texas, where it had been alleged by the officers that narcotics were concealed—and if any such narcotic drugs were there found to seize the same and bring it before the Magistrate issuing the warrant.

"That on the 26th day of February, 1959, Officers Beaty and Carroll proceeded to the said residence of George Mosse, Jr., to execute the said search warrant at the location as named in the search warrant but that on drawing near they observed Appellant George Burton Mosse, Jr., and his wife driving out of the driveway and away from Appellants' residence located at the address named in the said search warrant, in a 1954 Cadillac automobile which is the subject of this suit.

Officers Beaty and Carroll testified that they followed the involved 1954 Cadillac automobile about three quarters of a mile and in the 5700 block of McComas Street in the City of Dallas, Dallas County, Texas, they stopped the said 1954 Cadillac automobile, placed George Burton Mosse, Jr. under arrest, removed him from the car and immediately searched his person, finding in his coat pocket, which coat he was wearing and on his person, a vial of green substance which Dr. Mason, an expert chemist, testified was marijuana. No other substance was found either on his person nor in the car.

"Both officers testified to facts showing no authority to arrest George Burton Mosse, Jr., nor to search his person except by the above information received by them, to-wit: 'That George Burton Mosse, Jr., habitually used marijuana and that he carried it with him about everywhere he went', and that based upon the aforesaid information they believed that he was transporting marijuana in said vehicle at the time they recognized him as mentioned in Paragraph XI herein.

"George Burton Mosse, Jr., made timely objections at all times during the trial of this case to any testimony about, and to the introduction into evidence of any fruits of the foregoing described search for the specific reasons, among other, *the* the information received by the officers did not constitute probable cause for a search without warrant in any event, and that the officers actions in arresting and searching George Burton Mosse, Jr., were based on suspicion, and further, that even if the officers did have probable cause to search the automobile they did not have authority to arrest and search the person of the owner and driver, George Burton Mosse, Jr., because of the Constitutional Prohibition against unreasonable

searches and seizures; and, that, because the arrest and search was unlawful, the fruits of the search were inadmissible into evidence."

Art. 725b, Sec. 15, authorizing seizure of narcotic drugs without search warrant provides:

"Sec. 15. Officers and employees of the Department of Public Safety, and all peace officers who have authority to, and are charged with the duty of enforcing the provisions of this Act, shall have power and authority, without warrant, to enter and examine any buildings, vessels, cars, conveyances, vehicles, or other structures or places, when they have reason to believe and do believe that any or either of same contain narcotic drugs manufactured, bought, sold, shipped, or had in possession contrary to any of the provisions of this Act, or that the receptacle containing the same is falsely labeled, except when any such building, vessel, or other structure is occupied and used as a private residence, in which event a search warrant shall be procured as herein below provided.

"Said officers and employees of the Department of Public Safety and all peace officers who have authority to, and are charged with the duty of enforcing the provisions of this Act, shall further have power and authority, without warrant, to open and examine any box, parcel, barrel, package, or receptacle in the possession of any person which they have reason to believe, and do believe contain narcotic drugs manufactured, bought, sold, shipped, or had in possession contrary to any of the provisions of this Act and that the receptacle containing same is falsely labeled.

"Officers and employees of the Department of Public Safety and peace officers who have authority to, and are charged with the duty of enforcing the provisions of this Act, when acting under circumstances and conditions where a search or inspection is authorized without a warrant, as immediately hereinabove provided shall be given free access to and shall not be hindered or interfered with in their examination of buildings, vessels, cars, conveyances, vehicles, or other structures or places, and in case any officer or employee of the Department of Public Safety is hindered or interfered with in making such examination, any license held by the person preventing such free access or interfering or hindering such officers, employees, or employee, shall be subject to revocation by the Department of Public Safety.

"Officers and employees of the Department of Public Safety and all peace officers who have authority to, and are charged with the duty of enforcing the provisions of this Act, shall have authority to take into their possession any and all narcotic drugs found by them as a result of any search or inspection without a warrant, as authorized by this Section of this Act provided that said officers shall be required to issue to the person from whose possession said narcotics are taken a receipt therefor if said person is present and to immediately file a sworn inventory of all narcotic drugs taken with any magistrate in the county where said narcotic drugs are taken, and the retention and disposition of said narcotic drugs so taken by any said officer shall, after coming into his possession, be controlled by the applicable provisions of Section 16 hereof."

Bearing on arrest by an officer without a warrant the following Articles, Texas Code of Criminal Procedure, provides: (Arts. 212, 215, Vernon's Ann.C.C.P.)

Art. 212, "A peace officer or any other person, may, without warrant, arrest an offender when the offense is committed in his presence or within his

view, if the offense is one classed as **a** felony, or as an 'offense against the public.' "

Art. 215, "Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure ·a warrant, such peace officer may, without warrant, pursue and arrest the accused."

Art. 725d, after requiring that these forfeiture suits shall be governed by applicable rules of Texas Civil Procedure, states in Section 6:

"If it shall appear that the ownei of the vessel, vehicle or aircraft has filed a verified answer denying the use of such vessel, vehicle or aircraft in violation of this Act, then the burden shall rest upon the State, represented by the District Attorney to prove *as in other penal cases* the violation of the provisions of this Act. Provided, however, that in the event no answer has been filed by the owner of said vessel, vehicle or aircraft, the notice of seizure may be introduced into evidence and shall be prima facie evidence of said violation." (Emphasis ours.)

Points of appeal will be now quoted in substance: The court's error in allowing into evidence the fruits of an unlawful search and seizure, (1) "which search and seizure was conducted without probable cause"; (2) "which search and seizure was unlawful, because it was an arrest and search of an individual's person not authorized by any statute or law of this State, and therefore in violation of Art. 1, § 9, of the Constitution of Texas [Vernon's Ann.St.]"; (3) "for the reason that Art. 727a, Code of Criminal Procedure of Texas, which is applicable to this case, prohibits the use of such evidence." Appellee's reply to these points are that (1) "seizure of contraband narcotics upon probable cause are admissible into evidence in a civil for-

feiture proceeding; and (2) a forfeiture proceeding being a civil proceeding, is governed by the rules of Civil Procedure."

▪ While appellee correctly asserts this to be a Civil Action—one in rem seeking forfeiture of car—yet its basis is a criminal statute; the burden resting upon the State "to prove as in other penal cases, the violation of the provisions of this Act." (Sec. 6, Art. 725d); and similarly we are bound by the Criminal Statutes and holdings of our Court of Criminal Appeals in the matter of admission and exclusion of evidence on such trials.

Turning to the agreed facts, we note that prior to the arrest and search of George Burton Mosse, Jr., by officers Beaty and Carroll they had information that "he habitually used marijuana, and that he carried it with him everywhere he went." On this information officer Carroll and another procured a search warrant to search the residence of Mosse at 6243 Mercedes Street, City of Dallas; and arriving there under such authority, observed Mosse and wife driving out of his driveway and away in the subject Cadillac car; the officers following said car ˙some distance when they stopped it, placed Mosse under arrest, searching him, finding a bottle of marijuana in the ˙pocket of the coat he was wearing. This vial of contraband narcotics, admitted in evidence in support of the State's case of forfeiture of car, was objected to by appellant as wholly inadmissible; the court's action constituting the sole ground of error.

Art. 1, § 9, (Bill of Rights) State Constitution provides:

"The people shall be secure in their persons, houses, papers and possession, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation." Art. 727a, V.A.T.C.C.P. reads:

Evidence not to be introduced. "No evidence obtained by any officer or other person in violation of any provision of the Constitution or laws of the United States or of this State shall be admitted in evidence against the accused on the trial of any criminal case."

 In the instant situation, the information possessed by the officers named was probable cause for search of his automobile without a warrant, and for further search of his residence, armed with warrant therefor, under Sec. 15, Art. 725b, Penal Code. But to invoke the provisions of Arts. 212 and 215, Code Crim.Proc. and to authorize an arrest and search of Mosse, the information received by these officers must be bolstered by some present and unusual act or conduct on part of the suspect. This appears to be the rationale of the holdings of our Court of Criminal Appeals. See Thomas v. State, 163 Tex.Cr.R. 68, 288 S.W.2d 791; Giacona v. State, 164 Tex.Cr. R. 325, 298 S.W.2d 587. Absence of such further evidence (as in this case) the contraband drugs thus seized as fruits of the unlawful arrest was rendered inadmissible under Art. 727a, Code Crim.Proc.[1]

And though the present action be in rem— ancillary to the criminal offense involved— the burden is upon the State to establish a forfeiture as in other penal cases. Points

advanced by appellant are sustained, judgment of forfeiture set aside and it is ordered that appellee recover nothing as a result of suit.

Reversed and rendered.

[1]. In Thomas v. State, supra, the facts were closely analogous, except that the trial as for the offense charged; the informant there being characterized as a "stool pigeon". We quote from headnotes of that case as reported:

(1) "Statutes authorizing officer to make arrest without warrant where felony is committed in officer's presence or credible person shown by satisfactory proof that felony has been committed and offender is about to escape, did not authorize arrest of defendant and search of defendant's person where stool pigeon, whom officer knew to have been in federal penitentiary for violation of Mann Act, told officer that defendant had marijuana and where three days later officer and two others spied on defend-

ant's house and saw defendant and his wife and child drive away in automobile. Vernon's Ann.C.C.P. Arts. 212, 215; 18 U.S.C.A. § 2421 et seq.

(2) Statute authorizing seizure of narcotic drugs manufactured, sold or in possession in violation of act and authorizing officers without warrants to search buildings, cars, conveyances, vehicles and other structures for narcotics, does not authorize arrest of suspect and search of his person. Vernon's Ann.P.C. Art. 725b, §§ 14, 15.

(3) In prosecution for possession of marijuana, where arrest without warrant was unlawful and search of person unlawful, evidence of finding marijuana cigarette on person was not admissible."