## BESS RUSSELL v. THE STATE.

No. 14292.   Delivered June 10, 1931.
Appeal Reinstated October 28, 1931.
Rehearing Denied February 3, 1932.

470

The opinion states the case.

*Collins & Martin* and *R. W. Calvert,* all of Hillsboro, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for three years.

It appears that appellant entered into recognizance on appeal. A copy of the recognizance has not been brought forward in the transcript. Hence we are unable to determine whether the recognizance under which appellant is enlarged meets the requirements of the statute. Where the

appellant is enlarged, this court is without jurisdiction in the absence of a proper recognizance or appeal bond.

Appellant is granted fifteen days in which to perfect the record.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON THE MERITS.

The record having been perfected, the appeal is reinstated and the case considered on its merits.

Appellant and deceased, C. V. Russell, had been married approximately three years. Deceased was employed as foreman of sixteen or eighteen workmen, who were engaged in repairing telegraph lines in Hill county. Appellant and her husband occupied a car situated on the railroad tracks, and, immediately adjacent thereto, was another car occupied as sleeping quarters for the workmen. The state's testimony was, in substance, as follows: On the night of the homicide appellant and her husband had a minor difficulty. Deceased got in a car with two of the workmen and drove away. At the time deceased left the car appellant had gone to town. When she returned and found that deceased was away she entered the car occupied by the other workmen and asked if her husband was present. Upon being advised that he was not in the car, she broke into the locker of one Heffner and secured therefrom an automatic pistol. Going back to her car, she awaited deceased's return. In a short time deceased and his companions drove up to the car in an automobile. Appellant approached the door of her car and commanded the man who was on the seat with her husband to get out of the way, saying that she did not want to hurt him. He begged her not to shoot. She replied that she was going to kill her husband. Deceased got out of the car and started around the automobile. Appellant fired a shot in his direction, and immediately fired two other shots, after which she made the statement that she had "got deceased". One shot took effect in deceased's head. Deceased was making no demonstration toward appellant at the time she shot him. He was unarmed.

Appellant testified that for several months deceased had been guilty of outrageous conduct toward her; that he often beat her and inflicted bruises and wounds on her body; that he was a man given to drink, and that it was generally during the time he was drunk that the assaults were made; that just prior to the homicide deceased had advised her that he was going to kill her; that on the night of the homicide deceased was in an intoxicated condition; that when he got out of the automobile and started toward her she discovered he was in a drunken condition; that she

saw him reach for something, which looked like a rock; that she believed deceased was going to carry into effect the threat he had made; that she fired the fatal shot to prevent deceased from killing her. Other witnesses for appellant testified to the fact that deceased was a drinking man. Further, they testified that they had at times noticed bruises on appellant's body. Appellant testified that she had gotten the pistol for the purpose of commiting suicide, but had been unable to operate it. She denied that she had secured the pistol for the purpose of killing deceased.

Bills of exception 7 and 8, and 11 to 13, inclusive, deal with the same question and will be considered together. Appellant killed deceased on the 11th of July, 1930. Appellant testified, as heretofore stated, that deceased had on many occasions assaulted her, resulting in the infliction on her of severe wounds and bruises. Several witnesses were placed on the witness stand by appellant for the purpose of showing that they had seen bruisse and wounds on appellant during the years 1928, 1929 and in January and March of 1930, the most recent date the wounds were observed being approximately three months prior to the homicide. After having testified to having seen the wounds on appellant, the witnesses were asked, in effect, to state the explanation given to them by appellant at the time they saw the wounds. It does not appear from the bills of exception that deceased was present at the time the witnesses saw the wounds. On the contrary, if we were permitted to examine the statemnt of facts to aid the bills of exception, we would find that deceased was not present. The state objected to the proposed testimony on the ground that it was hearsay and self-serving. It is recited in the bills of exception that the witnesses would have answered, if permitted to testify, that appellant told them that deceased had inflicted the wounds and bruises on her. The opinion is expressed that the proposed testimony was hearsay. An analagous situation was presented in Willis v. State, 91 Texas Crim. Rep., 329, 239 S. W., 212. In that case the accused sought to prove by one of his witnesses that sometime before the homicide he (accused) had complained to the witness that deceased had been beating his children. In holding that the testimony was inadmissible, this court said: "Deceased was not present. In the absence of more light than the bill throws upon the transaction, the exclusion of the testimony is not shown to have error. It seems to have been hearsay." Appellant contends that the testimony was admissible under article 1257a, Penal Code, in which it is provided, in substance, that in prosecutions for homicide the state or the accused shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased. In construing this article, we have held that it does not have the effect of extending or broadening the rules of evidence in homicide cases, but merely secures to the accused the benefit of the rules of evidence available under the

repealed law of manslaughter. Mercer v. State, 111 Texas Crim. Rep., 657, 13 S. W. (2d) 689.

Bill of exception No. 9 presents the following occurrence. Appellant's mother testified that appellant remained in her home from January, 1930, until April, 1930, and that she had observed wounds and bruises on the body of appellant. Further, she testified that deceased came to her home about the first of April and that appellant went away with him. After this testimony had been given the witness was asked by appellant's counsel what appellant said relative to leaving with deceased. It is recited in the bill of exception that the witness would have answered that appellant stated to her in the presence of deceased that deceased had told her that he would kill her if she did not return and live with him. The state's objection that the testimony was self-serving was sustained. We think the objection well taken. In Woods v. State, 115 Texas Crim. Rep., 373, it appears that the court refused to permit the accused to prove by officers that he came to them prior to the homicide and told them deceased had threatened to take his life, and asked them to give him protection. It was held that the declarations were self-serving and properly rejected. See also Hart v. State, 57 Texas Crim. Rep., 21, 121 S. W., 508; Hardeman v. State, 61 Texas Crim. Rep., 111, 133 S. W., 1056; Hardy v. State, 86 Texas Crim. Rep., 515, 217 S. W., 939; Watt v. State, 90 Texas Crim. Rep., 447, 235 S. W., 888.

It is shown by bill of exception No. 5 that appellant had testified that deceased was a very fastidious man, and particularly with his clothing, and that shortly before the homicide she had discovered the clothing of deceased lying on the floor of the car. Appellant was then asked by her attorney what, if anything, the finding of the clothing on the floor indicated to her mind. Upon objection by the state, the court declined to permit appellant to answer the question. It is recited in the bill of exception that appellant would have answered that it indicated to her that deceased was intoxicated and that in view of the threat he had made on the previous day to kill her the next time he got drunk, she became greatly excited. In qualifying the bill of exception the court refers to the testomony of appellant found in the statement of facts. It is observed that appellant testified that after she saw deceased's clothing on the floor she went to the quarters of some of the men who worked for him, believing that deceased was in there drinking with the men. She further testified that she observed a whisky bottle in her quarters with a small amount of whisky in it, and that she broke it. She said that she recalled that deceased had said that he would kill her the next time he got drunk. She further testified that she was positive from the amount of whisky that deceased had drunk that he was intoxicated. She said, in substance, that when deceased approached on the occasion of the firing of the fatal shots she observed that he was drunk. She testified fully to her excite-

ment during the time before deceased arrived upon the scene of the homicide and after his arrival. In view of the testimony given by appellant, if the court fell into error in refusing to permit her to answer the question, the opinion is expressed that the error was harmless.

Appellant's motion for new trial was predicated in part upon newly discovered evidence. Attached to the motion we find the affidavits of two witnesses. It is recited in the order overruling the motion that evidence was heard by the trial court. The evidence is not brought forward. We must therefore indulge the presumption that the court's action in overruling the motion, in so far as it was based on newly discovered evidence, was correct, and that the trial court acted upon evidence which was sufficient to justify his action. Harris v. State, 117 Texas Crim. Rep., 201, 35 S. W. (2d) 1046; Scroggins v. State, 112 Texas Crim. Rep., 543, 17 S. W. (2d) 829; Crouchette v. State, 99 Texas Crim. Rep., 572, 271 S. W., 99.

We find in the record purported exceptions to the court's charge. These exceptions are not authenticated by the trial judge, and cannot be considered.

We have discussed all questions presented in appellant's brief. The remaining bills of exception found in the record are not thought to present reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We know of no authority authorizing proof of statements, offered in behalf of appellant, made by appellant to parties to whom she had shown wounds or bruises on her body, as to who inflicted same. This testimony clearly would be self-serving and hearsay, and we think this court not in error in holding that bills of exception No. 7 to. No. 13 inclusive did not call for reversal.

Appellant urges that her bill of exception No. 9 should have been held to present reversible error. The question set out herein asked on direct examination of the mother of appellant, a defense witness, as follows: "What statement was made by your daughter," etc., was clearly objectionable as assuming that a statement was made. If we pass over the objectionable form of the question and consider its substance, we would observe that the matter complained of is that the mother of appellant was not allowed to testify in reference to what occurred at her home in Oklahoma in April, 1930, before the killing in July of the same year. She would have testified that appellant told her on that occasion, in the

presence of deceased, that he had said to her, appellant, if she did not go back home with him and live with him he was going to kill her. The fact that this conversation took place in the presence of deceased would not seem to remove it from the domain of being self-serving and hearsay. This case was between the state of Texas as plaintiff and this appellant as defendant. Deceased was not a party to this suit.

Appellant also insists that her bill of exception No. 5 presents error. She sets up that she was prevented by the objection of the state from testifying that shortly before the homicide she came to the car which she and deceased were using as a home and saw his clothes on the floor, and this indicated to her mind that he was intoxicated, and that this caused her to be excited in view of what she claimed to have been a threat made by deceased some time before to the effect that he would kill her the next time he got drunk. Examination of the statement of facts leads us to conclude that regardless of whether the court sustained the objection of the state or not, appellant proceeded to testify that when she saw his clohes on the floor she was reminded of the threat that he had made to kill her.

We have again examined the facts in this case and note that appellant on cross-examination gave testimony very different from that given by her on direct examination. Her story about the occurrence, detailing the shooting, etc., as given on cross-examination, failed to support, even from her standpoint, any claim of self-defense. From the standpoint of the state the shooting was wholly without any claim of self-defense, and it is probable that the fact that she was a woman kept her from getting a much heavier penalty than a merciful jury inflicted.

The motion for rehearing will be overruled.

*Overruled.*