## J. A. BOYD V. THE STATE.

No. 15384. Delivered December 21, 1932.
Appeal Reinstated January 25, 1933.
Reported in 56 S. W. (2d) 651.

The opinion states the case.

*Guinn & Devereux,* of Jacksonville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for two years.

It appears that appellant entered into recognizance on appeal. A copy of the recognizance has not been brought forward in the transcript. Hence we are unable to determine whether the recognizance under which appellant is enlarged meets the requirements of the statute. Where the appellant is enlarged, this court is without jurisdiction in the absence of a proper recognizance or appeal bond. Russell v. State, 119 Texas Crim. Rep., 469, 45 S. W. (2d) 622.

Appellant is granted 15 days from this date in which to perfect the record.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON REINSTATEMENT OF APPEAL.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

The sheriff of Cherokee county received a call to come to the town of Alto. Accompanied by his deputy, S. B. Swann, he reached town between 9 and 10 o'clock at night. At that time appellant was riding his horse around the public square. He was not racing, nor was he disturbing the peace in any manner. The officers testified that appellant was violating no law. Carlton, a deputy sheriff, was insisting that appellant go to his home. Appellant continued to ride around the square. Carlton and Swann attempted to stop appellant, but he avoided them, and rode away toward his home. As he left he cursed the deputy sheriffs, saying that he would go home and get a gun and "come back and run over both of them." Carlton fired several shots at appellant as he rode away. The state's testimony was to the effect that the officers had no right to prevent appellant from riding his horse around the public square. Further, the state's testimony was to the effect that Carlton had no right to shoot at appellant as he rode away. The sheriff and Swann immediately got in their automobile and rode up the road in the direction appellant had gone. They testified that they would not permit Carlton to go, saying that it was their purpose to see appellant and keep him from coming back to town with a gun. Their testimony was, in substance, as follows: They were driving down the street slowly when they met appellant. They stopped their car and appellant jumped off of his horse. Appellant had a shotgun. When appellant got off his horse he fired at them. They got behind their car and returned the fire. Appellant came back of the car and fell to the ground, requesting them to cease shooting, stating that he would give up. Appellant suddenly got up, saying "Now G— d— you, I have got you." Because they had used all of their ammunition, the officers fled. As they left, appellant fired at the sheriff, who was struck in the arm and side with No. 7 shot. He was not seriously injured.

Appellant testified, in substance, that after he had been fired upon by Carlton he went home, secured his shotgun, and started to his farm. He said he was carrying the gun to prevent any attack Carlton might make. He declared that he had no intention of going back to town. He denied that he had done

anything to authorize Carlton to arrest him. Further, he denied that he had returned to get his gun and come back to town. He said he had made no threats against anybody. He testified that when he started away from his home he saw a car parked; that it did not occur to him that the officers were in the car; that he rode within ten feet of the car with his gun through his arm; that without provocation, the officers began firing upon him; that he fell off of his horse and the officers kept shooting; that he crawled behind the automobile; that he was hit by one of the first shots fired; that after he got behind the automobile he loaded his gun and shot at the men who were firing at him; that while he was down on the ground he was shot in the hand; that he believed the parties were trying to kill him; that he would not have shot at the officers if they had made themselves known; that when the parties began firing at him somebody hollered, "G— d— you, we have got you."

Under the evidence, the jury might have concluded that the officers were attempting to arrest appellant. The officers had no warrant of arrest. Nowhere in the charge was the subject of arrest mentioned. The court merely gave an instruction covering the law of self-defense. If the officers were trying to arrest appellant without lawful authority, he was entitled to use such force as was reasonably necessary to prevent the arrest. Branch's Annotated Penal Code, sec. 1980; Louder v. State, 119 Texas Crim. Rep., 438, 44 S. W. (2d) 719. See, also, Allen v. State (Texas Crim. App.), 66 S. W., 671. The charge was timely and properly excepted to.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.