Samuel James JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 43161.

Court of Criminal Appeals of Texas.

Nov. 25, 1970.

Rehearing Denied March 3, 1971.

Peter P. Zaremba, Sam Houston, Clinton, Jr., Austin, for appellant.

Robert O. Smith, Dist. Atty. and Sykes Houston, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

DOUGLAS, Judge.

## OPINION

The conviction is for forgery with two prior convictions for felonies less than capital used for enhancement; the punishment was assessed by the court at life.

Janie Delgado, a saleslady at Sears Hancock Center in Austin, testified that on the 24th day of December, 1968, appellant asked her if a certain leather coat on display was for sale. Appellant stated that he wanted to buy it and that he would be back in a few minutes. Within approximately ten minutes he returned and handed Janie

Delgado a Sears credit card with the name of Alfred Ledesma on it. She filled out the sales ticket and signed her name. She stamped the ticket, but kept the credit card. When appellant signed the ticket with the name "Alfred Ledesma" part of the signature "ran off." (It appears from the instrument admitted into evidence that the signature was "Alfred Ledes" and it stopped at the edge of the ticket.)

Miss Delgado testified that appellant appeared to be very nervous. She told him that she had to call the credit office. She went to the counter and called the security officer who came and detained appellant until an officer of the Austin Police Department came to the scene.

■ Appellant first contends the court erred in overruling his motion to quash the indictment on the ground that it did not charge the offense of forgery in that the Sears revolving charge agreement which is set out in the indictment would not have created, discharged or affected any pecuniary obligation. He contends that explanatory, extrinsic or innuendo averments are needed to show the instrument had legal force.

A photographic copy of the instrument in the indictment shows on its face to be "Shipper copy." The amount of sale was $23.00 plus 92 cents tax. On the reverse side of the page is found:

"Your Copy
Sears Revolving Charge Account
Agreement

In consideration of your selling merchandise and services to me on SEARS REVOLVING CHARGE ACCOUNT, I agree to the following regarding all purchases made by me or on my Sears Revolving Charge Account Identification:

*   *   *   *   *   *

(A) I will pay the time sale price of each item purchased consisting of:
(1) The cash sale price, and  *  *

(B) I will pay all purchases in monthly installments which will be computed according to the following schedule *   *   *."

Other promises to pay appear in the agreement.

The agreement as alleged in the indictment shows a pecuniary obligation on the part of the purported purchaser. No additional or explanatory averments are necessary. The court did not err in overruling the motion to quash the indictment.

■ It is next contended that Miss Delgado made the instrument and that appellant merely signed it. One does not have to fill out or complete an entire instrument to constitute forgery. The signing of the instrument may, as in this case, constitute forgery. The evidence is sufficient to show that appellant did "make" a false instrument in writing as alleged in the indictment.

■ Complaint is made that a variance existed in that the State did not prove that appellant signed the instrument "without lawful authority."

The proof shows that the only Alfred Ledesma who had a charge account at the store testified that he did not give appellant permission to sign the agreement. This complaint is without merit.

■ The fact that the number 7 appeared under the column for quantity instead of 1 on the sales slip or "Shipper Copy" which was attached to the agreement does not render the evidence insufficient. The indictment alleged the instrument in tenor and used the number 7 as it appeared to the pleader so that no variance would exist in the proof of the instrument and the allegation.

The fact that appellant attempted to take one coat instead of seven does not make the evidence insufficient to show a pecuniary

obligation. We do not find a variance in the instrument alleged and that proved.

Next appellant contends that appellant was not identified as the person who forged the instrument.

Miss Delgado was asked: "Did you have an occasion to see the defendant in this case on the 24th day of December, 1968, Mr. Samuel James Jackson, who right here on my * * *." Appellant's counsel stated: "I object as to where he is seated; let her identify the defendant, Your Honor." The court stated: "Do not lead the witness." She then testified that she could identify appellant as being in the store at the time in question and that appellant signed the instrument in her presence.

The last complaint is that the court overruled the following objection to the court's charge:

"To the charge as a whole for the reason that it is framed for a forgery case while the evidence in this cause tends to show that if any offense was committed on the occasion in question it was that proscribed by Article 1555b, P.C. and under the facts of this case the jury will be permitted to convict for forgery when all that may be shown is a lesser offense."

The fact that the proof would also show a violation of Article 1555b, Vernon's Ann. P.C., which prohibits the use of a credit card with intent to defraud, does not require the court to submit such charge under that Article when the indictment alleged forgery. The prosecution may elect under such circumstances whether to prosecute for forgery or the wrongful use of a credit card. This contention was answered adversely to appellant in Vannerson v. State, Tex.Cr.App., 403 S.W.2d 791.

The sufficiency of the proof of the two prior convictions is not attacked.

There being no reversible error, the judgment is affirmed.