**Shirley Grace TURCOLA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–82–00921 CR.**

Court of Appeals of Texas, Dallas.

Oct. 14, 1982.

Rehearing Denied Dec. 1, 1982.

Robert Cady, Dallas, for appellant.

Henry Wade, Dist. Atty., Kathi A. Drew, Asst. Dist. Atty., Dallas, for appellee.

Before STOREY, SPARLING and WHITHAM, JJ.

STOREY, Justice.

This is an appeal from a conviction for theft of over $10,000 of designer clothing. Appellant assigns four grounds of error. She claims that ownership of the clothing by the salesperson was insufficiently established by the evidence. She also contends in two grounds of error that she was not properly charged with the offense of theft because the evidence at most established credit card abuse under Tex.Penal Code Ann. § 32.31 (Vernon 1974). Lastly, appellant complains that she was denied her right to cross-examination. We conclude that no error is shown, and, consequently, affirm.

Appellant took over $10,000 of merchandise from the Sakowitz store in Dallas over a period of three months by using a credit card account that appellant had obtained through a false credit card application. Representing that she was still married to Donald Turcola, appellant applied for a credit card using her former husband's credit references exclusively. Sakowitz issued a card to Mr. and Mrs. Donald Turcola in March 1974, over two years after the Turcolas' divorce. Mr. Turcola testified that he had not authorized the appellant to use his line of credit since his divorce. Appellant used the credit account on numerous occasions at the Dallas Sakowitz store and made all of these purchases from the same salesperson, Ms. Wilcox. On each occasion,

Ms. Wilcox filled out the credit charge slip with a description of the merchandise and the appellant's credit card number. Then appellant signed the slip and took the merchandise. During 1974 and 1975, only $55.00 was paid on charges of $1,338.00. During three months in 1976 over $10,000 was charged. No other payments were made on the account. Appellant met with a Sakowitz credit manager in July 1976 and promised to return the same day with a $5,000 payment on her account. She did not return and no payment was made.

■ Appellant first claims that ownership was not sufficiently established in the salesperson, Ms. Wilcox. We conclude that ownership was established by the record, which shows that Ms. Wilcox had a greater right to possession of the clothing than the appellant. This is true because Ms. Wilcox was shown to have custody and control of the clothing until it was sold, and she also had responsibility for the sales records for the store. "[I]t is the employment relationship that determines whether a given individual is an 'owner' within the meaning of" Tex.Penal Code Ann. § 1.07(a)(24) (Vernon 1974). *Compton v. State,* 607 S.W.2d 246, 250 (Tex.Cr.App.1980), *cert. denied,* 450 U.S. 997, 101 S.Ct. 1701, 68 L.Ed.2d 197 (1981); *Cross v. State,* 590 S.W.2d 510, 511 (Tex.Cr.App.1979).

■ In the next two grounds of error, appellant complains that the evidence is insufficient to establish theft. She maintains that credit card abuse should have been charged instead of theft because lack of effective consent was not established. We disagree. The record discloses that appellant engaged in a course of conduct, commencing with fraudulently obtaining the credit card, from which the jury could infer an intent to take the property by deception. "Consent is not effective if . . . induced by deception or coercion." Tex.Penal Code Ann. § 31.01(4)(A) (Vernon 1974).

■ Implicit also in appellant's argument is the contention that the theft statute is not broad enough to cover the unlawful taking of property by the use of a fraudulently obtained credit card. The commentary to the credit card abuse statute, Tex.Penal Code Ann. § 32.31 (Vernon 1974), discusses the overlap between this statute and the theft statutes: "The conduct specified in subsections (b)(1) and (11) clearly is theft under section 31.03 or 31.04." *Id.* Commentary. Signing a credit charge slip constitutes promise to pay for the merchandise described on the slip. *See Jackson v. State,* 463 S.W.2d 182, 184 (Tex.Cr.App. 1970). Therefore, the taking of merchandise with no intention of ever paying the charge would be theft in addition to credit card abuse.

There are numerous cases that sustain a conviction for theft in which the defendant appropriated goods and paid for them with a worthless check. The check constitutes a promise to pay just as the charge slip does. In *Gawlik v. State,* 608 S.W.2d 671 (Tex.Cr. App.1980), for example, the Court of Criminal Appeals held that the evidence was sufficient to sustain a theft conviction where the defendant obtained the services of a painter by writing a worthless check. The court reasoned that defendant secured performance of services by means of deception in his representation that he would pay. In *Gawlik,* the court also noted that the prosecution was properly brought under the theft statute rather than the worthless check statute despite defendant's claim that he intended to pay for the services at the time they were performed. Indispensable to the establishment of a lack of effective consent due to deception is a fraudulent intent to appropriate the goods when they were secured. In *Gawlik,* the court used a statutory presumption of fraudulent intent when a drawer defaults on a check and does not pay within nine days of notice of dishonor. Tex.Penal Code Ann. § 31.06 (Vernon 1974).

■ The rationale applies with equal force to this case. Here appellant did not directly raise lack of intent. The combination of circumstances surrounding the taking of the goods, however, established fraudulent intent to deprive through the use of the credit card. Intent may always

be shown by circumstantial evidence and by extraneous offenses or transactions. *McCarron v. State,* 605 S.W.2d 589 (Tex.Cr. App.1980); *Christiansen v. State,* 575 S.W.2d 42 (Tex.Cr.App.1979). *Cf. Granato v. State,* 493 S.W.2d 822 (Tex.Cr.App.1973) (defendant misrepresented amount of collateral for loan). *See also* Tex.Penal Code Ann. § 31.03(c)(1) (Vernon 1974). We hold that the evidence was sufficient to sustain the conviction of theft.

 In the final ground of error, appellant complains that the trial court denied her right to cross-examination by curbing two questions posed by appellant. In the first instance appellant asked a credit manager the following question: "If something—if she would have paid the bill back in whenever you started writing these letters, nothing would have happened, would it?" In the second instance, appellant was cross-examining Mr. Turcola regarding the custody of their children:

Q. And you came back down here and got one of the children and took him back up there and then you filed the petition in Ohio, didn't you?

A. Well—

Q. And that's when she went to the Dallas County Grand Jury to try to get some help when you were running off with the child, isn't that right?

The first question called on the witness to speculate as to events that did not occur. The objection was properly sustained. *Southwest Title Ins. Co. v. Northland Bldg.,* 542 S.W.2d 436, 448 (Tex.Civ.App.—Fort Worth 1976), *modified on other grounds,* 552 S.W.2d 425 (Tex.1977). The second line of questioning was equivocal and assumed facts not in evidence. This questioning was also properly curbed. *Russell v. State,* 119 Tex.Cr.R. 469, 45 S.W.2d 622, 624 (1931). Appellant's fourth ground of error is overruled.

The judgment is affirmed.