John Patrick RABB, a/k/a Danny
O'Daniels, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–83–468–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 28, 1984.

Rehearing Denied July 26, 1984.

Robert Tarrant, Houston, for appellant.

Leslie Brock, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

JUNELL, Justice.

This appeal stems from a conviction for aggravated robbery. The original indictment charged appellant with attempted capital murder and aggravated robbery. The state elected to abandon the charge of attempted capital murder and proceed only on the charge of aggravated robbery. Appellant waived a jury trial. He was convicted by the court and sentenced to fifteen years confinement in the Texas Department of Corrections. We affirm.

On December 20, 1982, appellant and a female companion, Pamela Lobo, approached the Houston Hat Company, a counter-type store in Sharpstown Mall, Houston. Appellant selected a hat and belt buckle, which his companion attempted to purchase with an American Express card. The store clerk, Lillie Luna Garcia, requested identification. When Lobo could produce only a temporary Texas driver's license with a different name than that on the credit card, the clerk became suspicious and called American Express to verify the card. American Express informed her that the card had been reported as stolen and asked to speak with Lobo. During the conversation between American Express and Lobo, the phone went dead. The clerk went next door to call mall security. She reported a possible credit card abuse and asked for assistance. The clerk also made several phone calls, at intervals, to American Express to find out what to do and was put on hold each time while the credit card company attempted to contact the card owner.

Meanwhile, two security guards had been dispatched, Officer Vivian Lee Simmons, who came to the store counter posing as a customer, and Officer D.E. Rieks, who remained outside the store. Both were in uniform. After waiting a few minutes for the credit card approval, Lobo left the store and walked into the mall area. Officer Rieks followed her and saw appellant join her. No approval for the credit card purchase had ever been obtained. Simmons and Rieks approached appellant and Lobo, who denied they were together, but agreed to return to the store to verify the credit card. At the store Officer Rieks asked appellant for identification and was supplied with a driver's license bearing appellant's name but a picture not resembling appellant. Rieks asked for appellant's wallet and was looking through it when appellant pulled a gun, pointed it at Rieks, and threatened to shoot. Rieks took cover and appellant ran away into the crowded mall. The two security guards pursued him as he ran towards an exit. As appellant reached the exit door, he turned to Officer Simmons, who had not yet pulled her gun, threatened to shoot her if she followed, and fired a shot into the ceiling. The security guards continued to chase appellant.

When they were in the parking lot of the mall Officer Simmons pulled her gun and fired four shots towards appellant. Lobo, who was running behind appellant, fell to the ground, unharmed, and Simmons remained with her while Officer Rieks continued in pursuit of appellant. Appellant dodged between cars and turned at least twice and pointed his gun towards the security guard but did not fire. Officer Rieks fired two shots, hitting appellant in the hip with the second shot, bringing the chase to an end.

The indictment charged, in pertinent part, that appellant

did then and there unlawfully while in the course of committing theft of property owned by LILLIE LUNA GARCIA and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place VIVIAN LEE SIMMONS in fear of imminent bodi-

ly injury and death, by using and exhibiting a deadly weapon, namely, a firearm.

■ Appellant presents three grounds of error. In his first ground appellant asserts the evidence is insufficient to sustain the conviction because there was no evidence that the attempted appropriation was without the effective consent of the owner. The Penal Code includes within its definition of "owner," a person who has a greater right to possession of the property than the actor. TEX.PENAL CODE ANN. § 1.07(a)(24) (Vernon 1974). The court of criminal appeals has mandated that we look to the employment relationship to determine ownership under Section 1.07(a)(24). A person acting on behalf of a corporation, with managerial authority and responsibility over its goods, is the effective owner within the meaning of that section. *Cross v. State*, 590 S.W.2d 510, 511 (Tex.Crim. App.1979).

■ Appellant argues that there is no direct evidence to show lack of consent to the attempted appropriation. *Turcola v. State*, 643 S.W.2d 164 (Tex.App.—Dallas 1982) presented a similar issue. In *Turcola* the defendant fraudulently obtained a credit card and charged over $10,000 worth of merchandise for which she never paid. Turcola argued that lack of effective consent was not established. However, the Dallas court held that Turcola had embarked on a course of conduct beginning with fraudulently obtaining the credit card, from which the jury could infer an intent to take the property by deception. Consent is not effective if it is induced by deception. TEX.PENAL CODE ANN. § 31.01(4)(A) (Vernon 1974).

■ In the instant case, as in *Turcola*, appellant attempted to procure merchandise with a credit card not lawfully in his possession. The jury in the case at bar could likewise have inferred an intent to take the merchandise by deception and thus without effective consent.

■ Under this same ground of error, appellant further contends that the assaultive conduct occurred after the attempted appropriation of the property had ended and therefore does not provide the assaultive conduct necessary to establish "in the course of committing theft" in accordance with TEX.PENAL CODE ANN. § 29.02(a) (Vernon 1974). We disagree. The court of criminal appeals in *Lightner v. State*, 535 S.W.2d 176, 177 (Tex.Crim.App.1976), and in *White v. State*, 671 S.W.2d 40 (Tex.Crim. App.1984) has held that under the current statute, the offense of robbery includes any violence while in immediate flight from the scene of a theft. In *Lightner* the injured party was also a police officer giving chase to the assailant and not the victim of the theft.

*White v. State* also involved a situation similar to appellant's. There the defendant sat behind the wheel of a car stationed in front of a grocery store where one Carl Sherlock unsuccessfully attempted to grab a woman's purse. The struggle attracted attention, and Sherlock, pursued by two bystanders, ran. Sherlock yelled at the defendant to "shoot him [one of the bystanders]"; defendant did so. The court of criminal appeals affirmed defendant's conviction for aggravated robbery, stating that violence accompanying an escape immediately after an attempted theft can constitute robbery. Ground of error one is therefore overruled.

■ Ground of error two alleges insufficient evidence in that the state failed to prove a theft or attempted theft as distinguished from credit card abuse. The commentary to the statute on credit card abuse, Section 32.31, discusses the overlap between this statute and the theft statutes. It states that the conduct specified in Subsection 32.31(b)(1)[1] is clearly theft under

---

1. A person commits an offense if:
   (1) with intent to obtain property or service fraudulently, he presents or uses a credit card with knowledge that:

(A) the card, whether or not expired, has not been issued to him and is not used with the effective consent of the cardholder ... TEX.PENAL CODE ANN. § 32.31(b)(1) (Vernon 1974).

Section 31.03. Searcy and Patterson, *Practice Commentary*, TEX.PENAL CODE ANN. § 32.31 (Vernon 1974).

■ Therefore an attempt to obtain merchandise with a stolen credit card, and by inference, with no intention of ever paying the charge, can constitute theft as well as credit card abuse. *Turcola v. State, supra* at 166. The fact that the evidence relied on to prove aggravated robbery also develops facts constituting another independent crime (credit card abuse) does not prevent prosecution and conviction for the offense on trial. *Vick v. State*, 397 S.W.2d 229, 230–31 (Tex.Crim.App.1965). We overrule appellant's second ground of error.

■ Appellant's third ground asserts the trial court erred in overruling a motion to suppress because the record fails to show sufficient probable cause to make a warrantless arrest. At no time did either Officer Rieks or Officer Simmons testify that appellant was placed under arrest when he was asked to return to the store to verify the credit card. Their testimony does, however, reflect an intent to detain appellant for further investigation. In determining whether police conduct is reasonable, the totality of the circumstances surrounding the incident must be examined. In light of the facts known to the officer at the time, it may be most reasonable to detain a suspicious individual briefly in order to determine his identity or to maintain the status quo while obtaining more information. In such circumstances, probable cause to arrest a suspect need not exist at the inception of the detention. *Armstrong v. State*, 550 S.W.2d 25, 30 (Tex.Crim.App. 1976).

After examining the record we conclude that Officers Simmons and Rieks acted reasonably in detaining appellant for further investigation. We there overrule ground of error number three.

The conviction is affirmed.