NO. 12-08-00431-CR

 

                         IN THE COURT OF
APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

LEROY
J. WILLIAMS,                                      '                 APPEAL FROM THE 241ST

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 SMITH COUNTY,
TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

     Leroy
Williams appeals from his conviction for aggravated robbery.  In three issues,
Appellant argues that the trial court erred in allowing the State to impeach
him with an offense for which he was not convicted and by not giving jury
instructions he requested on a lesser included offense and self-defense.  We
reverse and remand for a new trial.

 

Background

            On
February 25, 2008, Appellant stole various items from a car, including a
compact disk player, several compact disks, and a cellular telephone.  A young
man saw Appellant taking items from the car, notified his father, who was
nearby, and called the police.  The young man’s father, Josue Tovar, approached
Appellant.  According to Tovar and his son, Appellant struggled with them and
pulled a knife to facilitate his escape.  According to Appellant’s version of
events, he complied with Tovar’s request to return the property and sat on the
curb to await the police.  Appellant would later testify that after he had been
sitting on the curb waiting for the police for some time, Tovar suddenly attacked
him with a stick and Tovar and his son began wrestling with him.  To defend
himself, Appellant said that he pulled out and opened a pocket knife.  

            Appellant’s
jaw was broken in the melee, and the police arrived and arrested him.  He was
indicted for the felony offense of aggravated robbery.  The indictment alleged
that Appellant used a deadly weapon, the knife, with the intent to obtain or
maintain control over the stolen property.  Appellant pleaded not guilty, and a
jury trial was held.  At the conclusion of the guilt-innocence portion of the
trial, Appellant requested that the jury be instructed that it could find him
guilty of the lesser included offense of theft or that it could find him not
guilty if it found that he acted in self-defense.  The State opposed
Appellant’s request for these instructions, and the trial court declined to
give them.  The jury found Appellant guilty as charged and assessed punishment
at imprisonment for thirty-seven years.  This appeal followed. 

 

Impeachment
with Prior Unadjudicated Offense

            In
his first issue, Appellant argues that the trial court erred in allowing the
State to impeach him with a prior offense for which he had not been found
guilty.  

Background

            Appellant
testified during the guilt–innocence portion of his trial.  Early in the cross
examination, the assistant district attorney offered a penitentiary packet
showing that Appellant had previously been convicted and sentenced to prison
for the felony offense of burglary of a habitation.  Appellant admitted that
the packet accurately reflected one of his prior convictions.  Later, during
recross examination, the State’s lawyer asked Appellant to identify another
exhibit, this one a motion to dismiss pursuant to Texas Penal Code section
12.45.[1]  

            This
was a motion from a case that was not the burglary case, but bore a cause
number that came sequentially one number after the cause number in the burglary
case.  In the motion, the State asserts that Appellant was sentenced to four
years in prison on the burglary case and requests that the second case be
dismissed because it had been taken into consideration in the assessment of
punishment in yet another case.[2]
 The attorney
asked Appellant if, as part of his plea in the burglary case, he had also
admitted that he committed another felony, specifically unauthorized use of a
motor vehicle.[3]  Appellant
admitted that he had done so but said that it was his nephew’s car he had been
driving.  After a series of questions and answers on that subject, Appellant’s
attorney asked to approach the bench.  At the bench, he objected to “the
mention or use of the 12.45.”  The trial court overruled his objection.  

Analysis

            The
court of criminal appeals has recently held that offenses taken into
consideration pursuant to section 12.45 may not be used to impeach a
defendant’s testimony pursuant to Texas Rule of Evidence 609.[4]
 See Lopez v. State, 253 S.W.3d 680, 683, 686 (Tex.
Crim. App. 2008).  The State does not argue that the cross examination was
proper.  Instead, the State argues that the complaint is not preserved because
Appellant’s objection was not timely.

            A
timely complaint is a prerequisite to appellate review.  See Tex. R. App. P. 33.1(a)(1). The
objection in this case came after several questions were asked and answered
about the unauthorized use of a motor vehicle.  Accordingly, this complaint is
not preserved for appellate review.  Cf. Geuder v. State,
115 S.W.3d 11, 15-16 (Tex. Crim. App. 2003) (Appellant preserved complaint by
objecting at a bench conference prior to questions being asked about an offense
that was not admissible.).  We overrule Appellant’s first issue.

 

Jury
Instructions

            In
his second and third issues, Appellant argues that the trial court erred by not
instructing the jury on the lesser included offense of theft and the law
regarding self–defense.

Standard
of Review and Applicable Law

            Article
36.14 of the code of criminal procedure requires the trial court to deliver to
the jury “a written charge distinctly setting forth the law applicable to the
case. . . .”  Tex. Code Crim. Proc. Ann.
art. 36.14 (Vernon 2007). 
Upon the defendant’s request, a trial court must include a lesser included
offense instruction in the jury charge if the offense is a lesser included
offense and there is some evidence that, if the defendant is guilty, he is
guilty only of the lesser offense.  See Guzman v. State,
188 S.W.3d 185, 188 (Tex. Crim. App. 2006). 

            An
offense is a lesser included offense if (1) it is established by proof of the
same or less than all the facts required to establish the commission of the
offense charged; (2) it differs from the offense charged only in the respect
that a less serious injury or risk of injury to the same person, property, or
public interest suffices to establish its commission; (3) it differs from the
offense charged only in the respect that a less culpable mental state suffices
to establish its commission; or (4) it consists of an attempt to commit the
offense charged or an otherwise included offense.  See Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006); see also Hall
v. State, 225 S.W.3d 524, 527 (Tex. Crim. App. 2007).

Anything
more than a scintilla of evidence may be sufficient to entitle a defendant to a
charge on the lesser offense.  Hall, 225 S.W.3d at 536.  “[I]t is
not enough that the jury may disbelieve crucial evidence pertaining to the
greater offense, but rather, there must be some evidence directly germane to
the lesser-included offense for the finder of fact to consider before an
instruction on a lesser-included offense is warranted.”  See Hampton v.
State, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003).  We review all
evidence presented at trial to make this determination.  See Rousseau
v. State, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993).  If the evidence
raises the issue of a lesser included offense, a jury charge must be given
based on that evidence “whether [the evidence supporting it was] produced by
the State or the defendant and whether it be strong, weak, unimpeached, or
contradicted.”  Id. at 672.

            With
exceptions that are not relevant here, a person is justified in using force against
another when and to the degree the actor reasonably believes the force is
immediately necessary to protect the actor against the other’s use or attempted
use of unlawful force.  See Tex.
Penal Code Ann. § 9.31 (Vernon Supp. 2009).[5]
 When properly requested, the trial court must instruct the jury on every
defensive theory raised by the evidence, and it makes no difference whether
such evidence or testimony was produced by the prosecution or the defense or
whether such defensive evidence or testimony might be strong, weak,
unimpeached, or contradicted.  See Ferrel v. State, 55 S.W.3d
586, 591 (Tex. Crim. App. 2001); Smith v. State, 676 S.W.2d 584,
586-87 (Tex. Crim. App. 1984).  However, before a defendant is entitled to a
jury instruction on self–defense, the defendant must provide some evidence
that, when viewed in the light most favorable to the defendant, will support
the self–defense claim.  See Zuliani v. State,
97 S.W.3d 589, 594 (Tex. Crim. App. 2003); Ferrel, 55
S.W.3d at 591; Hill v. State, 99 S.W.3d 248, 250 (Tex. App.–Fort
Worth 2003, pet. ref’d).  In other words, a defendant must provide some
evidence that he was authorized to use deadly force under section 9.31 or
section 9.32 of the Texas Penal Code.  See Tex. Penal Code Ann. §§ 9.31, 9.32 (Vernon Supp. 2009).

Self–defense Instruction

            In
his third issue, Appellant argues that the trial court erred by denying his
request for a self–defense instruction.  Specifically, he argues that his
brandishing of the knife was excused because he was defending himself from an
assault by Tovar.    

            Citing
Young v. State, 991 S.W.2d 835, 838 (Tex. Crim. App. 1991) and Ex
parte Nailor, 149 S.W.3d 125, 134 (Tex. Crim. App. 2004), the State
argues that Appellant was not entitled to a self–defense instruction because he
did not admit that he committed an aggravated robbery.  We agree with these
statements generally, although it is not necessarily required that a defendant
confess to the crime alleged in the indictment.  See Willis v. State,
790 S.W.2d 307, 314 (Tex. Crim. App. 1990).  In some cases a defendant “will be
entitled to defensive instructions although he has not admitted a crime.”  Id.
 A defendant must, however, admit the relevant conduct and that he acted with
the requisite intent.  See Nailor, 149 S.W.3d at 133; Young,
991 S.W.2d at 839.

As
alleged in the indictment, the State was required to prove that Appellant
“while in the course of committing theft of property and with intent to obtain
or maintain control of said property, intentionally or knowingly threaten[ed]
or place[d] Josue Tovar in fear of imminent bodily injury or death, and the
defendant did then and there use or exhibit a deadly weapon,     to-wit: a
knife.”  Appellant admitted all of the relevant facts that were alleged in the
indictment.  He admitted that he stole the items, and he admitted that he
brandished the knife to get away from Tovar.  But, as the court of criminal
appeals has recently held, he was also required to admit that he acted with the
requisite culpable mental state before he could be entitled to an instruction on
an affirmative defense such as necessity or self–defense.  See Shaw v.
State, 243 S.W.3d 647, 659 (Tex. Crim. App. 2007).  As the court said
in that case, if the defensive evidence in support of a necessity or a
self–defense instruction merely “negates the necessary culpable mental state,
it will not suffice to entitle the defendant to a defensive instruction.”  Id. 


In
this case, Appellant’s version of events merely negates the culpable mental
state.  He did not admit that he brandished the knife to further or complete
the theft.  Instead, he testified that he threatened Tovar to protect himself
from an additional unlawful assault.  Therefore, and in accordance with Shaw,
Appellant was not entitled to an instruction on the law of self–defense because
he did not admit the essential conduct along with the requisite mental state.[6] 
We overrule Appellant’s third issue.  

Lesser
Included Offense Instruction

In
his second issue, Appellant argues that the trial court erred in not giving a
requested instruction on the lesser included offense of theft.  

A
two prong test is applied to determine whether an appellant was entitled to an
instruction on a lesser included offense.  See Campbell v. State,
149 S.W.3d 149, 152 (Tex. Crim. App. 2004); Rousseau v. State,
855 S.W.2d 666, 672–73 (Tex. Crim. App. 1993). First, to be considered a lesser
included offense, the lesser offense must be included within the proof
necessary to establish the offense charged.  Campbell, 149 S.W.3d
at 152; Rousseau, 855 S.W.2d at 672-73. Second, some evidence
must exist in the record that would permit a jury to rationally find that, if
the defendant is guilty, he is guilty only of the lesser included offense.  Campbell,
149 S.W.3d at 152; Rousseau, 855 S.W.2d at 672-73.

The
State agrees that theft is included in the definition of robbery.  See Tex. Penal Code Ann. § 29.02 (Vernon
2003).  Therefore, the first prong of the test is satisfied.  The State argues
the trial court properly declined to instruct the jury on the lesser included
offense of theft because there was “absolutely no evidence offered at trial
which would support a finding that Appellant committed the theft without
committing the aggravated robbery.”  The State argues this is so because, even
under Appellant’s version of the offense, he committed an aggravated
assault–brandishing the knife–while he maintained control of a cellular
telephone he had stolen earlier from the parked car.  Accordingly, the State
reasons that Appellant was involved in a continuous criminal episode beginning
with his theft from the vehicle, with a midpoint being his assault with the
knife, and ending when he surrendered to the police.  As such, Appellant was
still committing a theft when he committed an assault with a deadly weapon,
making the offense an aggravated robbery.

            This
construction of events, however, does not give full weight to Appellant’s
testimony.  It was unexplored at trial, but the evidence did show that
Appellant had a cellular telephone in his pocket that he had taken from the car
when he was arrested after the melee.  But his testimony was that he brandished
the knife to escape the unprovoked attack by the Tovars and not, at least by
implication, that he did so to facilitate or perpetuate his theft of the
cellular telephone.  Furthermore, his testimony that he sat on the curb to wait
for the police is consistent with having abandoned his theft.  The robbery
statute, which the aggravated robbery statute incorporates, requires that the
actor threaten the other person with the intent to obtain or maintain control
over the stolen property.  See Tex.
Penal Code Ann. §§ 29.02(a), 29.03 (Vernon 2003).  The jury was entitled
to disbelieve Appellant’s version of events.  But Appellant was only required
to demonstrate that there was a scintilla of evidence to show that he is guilty
only of the lesser offense, and even so, that evidence may be weak, impeached,
or contradicted.  See Rousseau, 855 S.W.2d at 672.  As we
explained in the earlier section, if Appellant’s threatening of Tovar with the
knife was done with an intent other than to perpetuate or escape following a
theft, he was not guilty of aggravated robbery.  

For
this reason, three of the cases relied upon by the State can be distinguished
from this case.  In Oggletree v. State, 851 S.W.2d 367, 368-70
(Tex. App.–Houston [1st Dist.] 1993, pet. ref’d), the court held that a thief
who returned to attempt to “liberate his confederate” was continuing the same
criminal episode and, as such, was not entitled to an instruction on the lesser
included offense of theft.  In Rabb v. State, 681 S.W.2d 152,
153–54 (Tex. App.–Houston [14th Dist.] 1984, pet. ref’d), the court held that a
defendant was not entitled to a jury instruction on a lesser included offense
when the defendant pulled a gun on a security guard after being asked for
identification while in the course of attempting to assist with a fraudulent
credit card transaction.  And in Nottingham v. State, No.
07-08-0131-CR, 2009 Tex. App. LEXIS 649 (Tex. App.–Amarillo Jan. 30, 2009, no
pet.) (mem. op., not designated for publication), the court held that the
defendant was not entitled to an instruction on the lesser included offense of
assault because there was no evidence by which the jury could conclude that he
was guilty of only that offense.  The Oggletree and Robb
decisions both are based on the definition of the “course of committing theft,”
which, by statute, includes the “immediate flight after the attempt or
commission of theft.”  Tex. Penal Code
Ann. § 29.01(1) (Vernon 2003).  In those cases, the participants were
attempting to make their immediate flight when they assaulted another.  By
contrast, Appellant testified that he had complied with Tovar’s request that he
sit on the curb and await the police when Tovar began striking him with a stick. 
His testimony is at least slight evidence that he was not in flight when he
brandished the knife.  This case may be distinguished from Nottingham
because Appellant’s testimony was at least slight evidence that Appellant was
guilty only of theft.

            Appellant’s
testimony that his use of force was not done with the intent to facilitate a
theft but rather to fend off an unprovoked assault may be weak evidence, and it
was certainly contradicted by the testimony of the Tovars.  But it is
sufficient for a jury who believed it to conclude that Appellant was guilty of
theft but not robbery.  In Jones v. State, 984 S.W.2d 254, 258
(Tex. Crim. App. 1998), the court of criminal appeals held that a defendant was
entitled to an instruction on the lesser offense of theft.  The Jones decision
is factually similar to this case in that two loss prevention employees
confronted the appellant after they observed him stealing items from a store.  Id.
at 255.[7]  He assaulted the two women,
punching one in the face and biting the other on the chest.  Id. 
The defendant testified that he did not steal anything and that he only
assaulted the women in self–defense.  Id. at 255–56.  The court
held that the defendant was entitled to jury instructions on both simple
assault and theft because, based on his testimony, the jury could believe that
he was guilty only of either of those lesser included offenses.  Id.
at 257-58.  

Applying
that decision here, the jury, if it believed Appellant’s testimony that he
committed a theft and then lawfully defended himself from an assault after he
had surrendered, could have concluded that he was guilty only of theft as a
lesser included offense of aggravated robbery.  Accordingly, Appellant was
entitled to have the jury instructed on the lesser included offense of theft. 

 

Harm

Having
found error in the trial court’s denial of the requested instruction on the
lesser included offense of theft, we must now determine whether that error
requires reversal. See Tex. Code
Crim. Proc. Ann. art. 36.19
(Vernon 2006); Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim.
App. 1984) (op. on reh’g); see also Posey v. State, 966
S.W.2d 57, 62 n.12 (Tex. Crim. App. 1998) (holding that Almanza
applies to an erroneous omission in the jury charge of a timely requested
defensive issue raised by the evidence, as the defensive issue becomes law
“applicable to the case.”).  If the charge contains error, and that error has
been properly preserved by an objection or requested instruction, reversal is
required if the error is “calculated to injure the rights of defendant,”
meaning there must be some harm. Tex.
Code Crim. Proc. Ann. art. 36.19;
Trevino v. State, 100 S.W.3d 232, 242 (Tex. Crim. App. 2003); Almanza,
686 S.W.2d at 171.  The degree of harm must be considered in light of the
entire jury charge, the state of the evidence, including the contested issues
and weight of probative evidence, the argument of counsel, and any other
relevant information revealed by the record of the trial as a whole.  See Ovalle
v. State, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000).

The
question of whether Appellant acted to perpetuate his theft or to protect
himself from the Tovars was the central issue in this trial.  If Appellant
acted in self–defense, as he testified, he was guilty of theft but not of
aggravated robbery.  Harm exists when the penalty imposed for the charged
offense exceeds the potential penalty for the lesser included offense.  See
Bignall v. State, 899 S.W.2d 282, 284 (Tex. App.–Houston [14th
Dist.] 1995, no pet.).  Harm also generally exists whenever the failure to
submit a lesser included offense leaves the jury with the sole option of either
convicting defendant of the greater offense or acquitting him.  Saunders
v. State, 913 S.W.2d 564, 571 (Tex. Crim. App. 1995).  

The
value of the items in question here was not conclusively shown, but theft of
property valued at less than $1,500 is a misdemeanor.  Appellant would have had
to steal property valued at $200,000 or more to have been eligible for
punishment for a first degree felony, which is what he faced in this case.  See
Tex. Penal Code Ann. §§
29.03(b), 31.03(e)(3), (7), (Vernon 2003 & Supp. 2009).  Appellant received
a sentence of thirty-seven years, which is more than he would have received if
he had been convicted of theft.  And there is no intervening lesser included
offense that the jury rejected which would allow us to conclude that the jury
had not been placed on the horns of the dilemma of whether to convict Appellant
of the only offense available to them or to set him free.  See Masterson
v. State, 155 S.W.3d 167, 171–72 (Tex. Crim. App. 2005), see also Beck
v. Alabama, 447 U.S. 625, 634, 100 S. Ct. 2382, 2388, 65 L. Ed. 2d 392
(1980).  

Accordingly,
we conclude that Appellant suffered some harm, and we sustain Appellant’s third
issue.

Disposition

Having
sustained Appellant’s third issue, we reverse and remand for
a new trial.

 

 

                                                                                                Sam Griffith

                                                                                                      
Justice

 

 

 

Opinion delivered January 29,
2010.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)









[1] Texas
Penal Code section 12.45 permits a defendant, with the prosecutor’s consent, to
admit guilt of an unadjudicated extraneous offense and to have that offense
taken into account by the trial court when assessing a sentence for another
offense.  Tex. Penal Code Ann. § 12.45(a)
(Vernon 2003).  When this procedure is employed, it acts as a bar to any future
prosecution for the extraneous offense.  Id. § 12.45(c). 





 

[2] The
burglary case had a cause number of 241-1016-04. The case being dismissed had a
cause number of 241-1017-04.  The case in which the dismissed case had been
taken into consideration had a cause number of 241-8989-04.  It is possible
that the last cause number was a typographical error and that the pleading
should have reflected that the offense in cause number 241-1017-04 was taken
into consideration in the burglary case.





[3] The statute requires that a defendant admit guilt
during the sentencing hearing of the case for which he will be sentenced.  See
Tex. Penal Code Ann. § 12.45(a). 
The document offered by the State does not reflect that this occurred and does
not contain any admissions by Appellant.

 





[4] Texas Rule of Evidence 609(a) allows for attacking
the credibility of a witness with evidence that the witness “has been convicted
of a crime.”





[5] One of the exceptions is that a person resorting to self–defense
must not be engaged in criminal activity.  See Tex. Penal Code Ann. § 9.31(a)(C)(3), 9.32(a)(C)(3).  The
State does not argue that this provision applies, and Appellant’s testimony can
be considered evidence that he was not engaged in criminal activity at the time
he alleges he came under attack.





[6] If the
jury believed Appellant’s testimony, they would have necessarily concluded that
he drew the knife to defend himself and without the intent to obtain or
maintain control of stolen items. 





[7] The State asserts that Jones can be
distinguished because there was “some evidence that the offender was not in
possession of the stolen property at the time of his assaultive conduct.” 
According to the court’s decision, the loss prevention employees “recovered
deodorant, Ben Gay and Blistex from appellant’s pockets” and “he had not paid
for these items before removing them from Fiesta.”  Jones, 984
S.W.2d at 255.  The State is correct that the defendant in Jones
testified that he did not commit a theft.  But this is relevant to whether that
defendant was entitled to an instruction on the lesser included offense of
assault.  See id. at 257 (“Here, appellant's testimony that he
did not steal or intend to steal negated the theft element of the robbery
charge. If the jury believed appellant's testimony that he did not steal and
believed the State's evidence that he struck Michelle Yancey, they could
rationally conclude that appellant committed assault and not theft.”).  With
respect to the instruction on the lesser included offense of theft, the court
held that the defendant’s assertion that he committed the assault in
self–defense was sufficient to require that an instruction for theft be given. 
Id. at 258 (“The same theory can be applied to appellant's
testimony that he did not assault anyone in Fiesta. Appellant admitted only
that he ‘did self-defense.’  The jury was free to believe this testimony by
appellant, and disbelieve the rest of what he said. As with the instruction on
the lesser included offense of misdemeanor assault, this evidence would have
entitled appellant to his requested instruction on the lesser included offense
of misdemeanor theft.”).